# CHARLESTON.

### COSNER'S ADMINISTRATOR *v.* SMITH.

#### (BRANNON, JUDGE, absent.)

##### Submitted June 10, 1892.—Decided Oct. 6, 1892.

1. ATTACHMENT—CONSTRUCTION OF STATUTES.

   The proceeding by way of attachment being in derogation of the common-law, and merely a creature of statute, and being a harsh remedy, which is liable to abuse, its operations should be carefully guarded by the courts, and the statute should be strictly construed.

2. ATTACHMENT—AFFIDAVIT—JURAT.

   A paper purporting to be an affidavit for an attachment, which does not show on its face that the party seeking the attachment was sworn, and which contains no jurat, is not a sufficient paper on which to base an order of attachment.

3. ATTACHMENT—AFFIDAVIT.

   The affidavit is not sufficient if it does not show the amount the plaintiff is justly entitled to recover in the action, as well as nature of the plaintiff's claim.

4. ATTACHMENT—BOND.

   An order of attachment should not be issued, requiring the officer to whom it is directed to take into his possession the property the same is levied upon, until bond has been given as required by the sixth section of chapter 106 of the Code.

*Louis Bennett* for plaintiff in error.

*W. W. Brannon* for defendant in error cited the following authorities :

1.—*Attachment Statutes strictly construed.*—21 W. Va. 211 ; 22 W. Va. 645 ; 26 W. Va. 322 ; 7 Laws, R. R. & P. § 3498 ; Dr. Attach. § 83 *et seq. ;* 25 W. Va. 414.

2.—*Entry on record after adjournment of term as to a final judgment no part of record.*—35 W. Va. 439 ; 3 W. Va. 391 4 W. Va. 305 ; 15 W. Va. 604 ; 1 Am. & Eng. Ency. Law 183.

English, Judge:

This was an action of covenant, brought by Adam Cosner in the Circuit Court of Lewis county against Thomas Smith, who appears to have been a nonresident of the State. For the purpose of obtaining an order of attachment against the estate of said defendant, on the 21st day of June, 1884, the plaintiff filed with the clerk of said court a paper in the following words:

"State of West Virginia, Lewis county, to wit:

"Adam Cosner this day personally appeared before me, W. G. Harrison, clerk of the Circuit Court in and for the county and State aforesaid;—that he has instituted an action of covenant in the Circuit Court of Lewis county against Thomas Smith, which action is now pending and undetermined in the Circuit Court of Lewis county. This affiant states that he believes his claim is just in said action, and that he is justly  *  *  *  to recover in said action from the defendant the sum of one hundred and fifty two dollars and seventy cents, with interest; that his claim is founded upon a written contract for the delivery of certain timber by the plaintiff to the defendant. This affiant further states that Thomas Smith does not reside in the State of West Virginia, as he is informed and believes.

"Given under my hand this 21st day of June, 1884.

"W. G. Harrison, Clerk."

And thereupon said clerk issued an order of attachment against the estate of the defendant, Thomas Smith, for the sum of one hundred and fifty two dollars and seventy cents and the costs of the suit, which was levied by the sheriff upon some walnut timber as the property of the defendant. An order of publication was taken against the defendant, but no personal service was had upon him; and on the 27th day of March, 1887, the defendant appeared to make defence only to the attachment sued out as aforesaid, and moved the court to quash and abate said order of attachment because of defects and insufficiency in the affidavit on which it issued, which motion was sustained by the court, and the said order of attachment was quashed and abated; and, process not having been served upon the defendant,

the court refused to render judgment against him, and from this judgment the plaintiff applied for and obtained this writ of error. The action of the court in quashing and abating said order of attachment is relied on as error.

As early as the case of *Muntz* v. *Hendlley*, which was decided by the court of appeals of Virginia at its April term, 1808 (2 Hen. & M. 308, 315) it was held that an attachment irregularly issued ought to be quashed *ex offi:io* by the court to which it is returned, though bail be not given, nor any plea filed by the defendant; and in like manner the court ought to quash it in errors in arrest of judgment, after pleadings, and a verdict for the plaintiff. Judge FLEMING, in his opinion handed down in the case, in speaking of the attachment law, says:

"Though sound in principle, and salutary in its operation, when duly and properly administered, it has been, within the course of my observation and experience, oftener perverted and more abused than any law in our whole statutory Code; and, instead of promoting justice, is often the engine of injustice and oppression. The mode of proceeding against a certain class of debtors by original attachment being a summary proceeding unknown to the common law, the strict letter of the statute ought, I conceive, to be adhered to in all cases whatever."

And in this State this Court, in the case of *Dalaplain* v. *Armstrong*, 21 W. Va. 211, holds: "1.—The remedy by attachment being authorized alone by statute and in derogation of the common law, and, moreover, being summary in its effects, and liable to be abused and used oppressively, its application will be carefully guarded by the courts, and it will be confined strictly within the limits prescribed by the statute."

It is held in the case of *Hudkins* v. *Haskins*, 22 W. Va. 645: "An affidavit to obtain an attachment under section 1 of chapter 106 of the Code of West Virginia must state the nature of the plaintiff's claim, and the amount which affiant believes the plaintiff is justly entitled to recover in the action, and also his belief that some of the grounds specified in said section exist for the attachment; and, unless the attachment is sued out on the first of said grounds,

the affiant must state in his affidavit the material facts relied on by him to show the existence of the grounds on which the application for the attachment is based, and it will not be sufficient if these statements are only recited in the certificate of the notary before whom the affidavit was made, unless it also appears from the affidavit that all these statements were sworn to by the affiant."

In this State several other cases have been decided in which the order of attachment has been quashed on the ground of the insufficiency of the matters set forth in the affidavit upon which the attachment was based.    The law in regard to the particularity required in the affidavit filed for an attachment will be found in Drake, Attachm. §§ 95, 96, and the result of these authorities is that, unless an affidavit is made by the plaintiff in strict accordance and compliance with the statute authorizing an attachment, the attachment can not legally issue, and should be summarily quashed.

Now let us for a moment examine the paper purporting to be the affidavit on which the attachment in this case was issued.    It reads as follows :    "Adam Cosner this day personally appeared before me, W. G. Harrison, clerk of the Circuit Court in and for the county and State aforesaid," but fails to state that he was duly sworn, or that he stated anything under oath, but continues without showing how the clerk derived the information that he had instituted an action of covenant in the Circuit Court of Lewis county against Thomas Smith; and, without showing that said Adam Cosner had been sworn, said paper proceeds as follows :    "This affiant states that he believes his claim is just in said action, and that he is justly * * * to recover in said action from the defendant the sum of one hundred and fifty two dollars and seventy cents, with interest ; that his claim is founded upon a written contract for the delivery of certain timber by the plaintiff to the defendant.    The affiant further states that Thomas Smith does not reside in the State of West Virginia, as he is informed and believes," and concludes :    "Given under my hand this 21st day of June, 1884. W. G. HARRISON, Clerk."

Now, section 1 of chapter 106 of the Code provides that,

in order to obtain an order of attachment, the plaintiff at the commencement of the action or suit, and at any time thereafter and before judgment, may have the same on filing with the clerk his own affidavit, or that of some credible person, stating the nature of the plaintiff's claim, and the amount, at the least, which the affiant believes the plaintiff is justly entitled to recover in the action or suit.

I can not regard this paper as an affidavit. It does not state that the plaintiff, Cosner, was sworn; neither does it conclude with a *jurat;* and, as we have seen in the case of *Hudkins* v. *Haskins, supra,* "it will not be sufficient if these statements are only recited in the certificate of the notary before whom the affidavit was made, unless it also appears from the affidavit that all these statements were sworn to by the affiant."

Even if said paper appeared to have been sworn to by the plaintiff, it does not comply with the statute by stating the amount the plaintiff is justly entitled to recover in said action from the defendant; neither does it sufficiently state the nature of the plaintiff's claim, merely stating "that his claim is founded upon a written contract for the delivery of certain timber by the plaintiff to the defendant." It does not show or intimate any failure on the part of the defendant to comply with said written contract, and from any information we may derive from the face of said paper we can not determine in what respect the defendant has failed, if at all, to comply with said contract.

Again, the order of attachment issued in this case was unauthorized to issue as it did, requiring the officer to take into his possession the estate of the defendant. Section 2 of chapter 106 provides that if the plaintiff, at the time of suing out his attachment or afterwards, before judgment, give the bond and security required by the sixth section of said chapter, such order may be in the form therein prescribed, reciting the fact that bond had been filed, and requiring the officer to take into his possession the property. It is very important to observe and strictly adhere to this provision, for the reason that the bond provided for in the sixth section must be executed with good security in a penalty at least double the amount of the claim sworn to, with condition to pay all costs and damages which may be award-

ed against him or sustained by any person by reason of the suing out of the attachment, and to pay any claimant of any property seized or sold under or by virtue of said attachment all damages which he may recover in consequence of such seizure or sale, and also to warrant and defend to any purchaser of the property such estate or interest therein as is sold, before the officer shall take possession of the property levied on by virtue of such attachment; and such bond protects the officer making the levy upon property not belonging to the debtor from action or suit, unless it appear that such levy was willfully or knowingly made; and where bond is given after the attachment has issued, the statute makes it the duty of the clerk to certify the fact that the bond has been given to the officer who levied the same, or, if he be absent, or out of office, to issue a new order of attachment.

So it will be readily conceded that great injury may result from issuing an order of attachment, as was done in this case, requiring the officer to attach and take into his possession the estate of the defendant, when no bond has been given.

After the order had been entered in this case quashing and abating said order of attachment, an order was subsequently made in this case, in which it appears that the clerk, on motion of the plaintiff, was allowed to be sworn, and state that said Adam Cosner did make oath before him, as clerk of said court, to said paper purporting to be an affidavit, at the time the same was filed. This order, in my opinion, can not in any manner cure the defects in the affidavit, because, as we have seen, this Court has held in the case of *Hudkins* v. *Haskins, supra,* that "it must appear from the affidavit that all these statements were sworn to by the affiant."

For these reasons my conclusion is that the Circuit Court of Lewis county committed no error in quashing the order of attachment sued out in said case, and the judgment complained of must be affirmed, with costs to defendant in error.

AFFIRMED.