# CHARLESTON.

UNITED STATES BAKING CO. *v.* BACHMAN *et al.*

Submitted June 8, 1893.—Decided November 4, 1893.

1. ATTACHMENT—AFFIDAVIT.

The proceeding by way of attachment being a statutory remedy and in derogation of the common-law, the statute must be pursued strictly in framing the affidavit upon which the attachment is based.

2. ATTACHMENT—AFFIDAVIT.

In proceeding against a corporation by way of attachment, on the ground that it has failed to comply with the requirements of section 37, c. 54, of the Code in reference to the appointment of a person by power of attorney to accept service of process, *etc.*, the affidavit must show that the requirements of said section have not been complied with, before an order of attachment can issue by reason of such failure to appoint such person.

3. ATTACHMENT—AFFIDAVIT.

In a proceeding under section 152 of chapter 50 of the Code to try the right of property, where the property levied on under the attachment has been sold and delivered by the party, against whom the attachment issues, to a third party, and the plaintiff in the attachment has no claim to the property other than that created by such levy, and such order of attachment appears to have been issued upon an irregular or insufficient affidavit, the order of attachment should be quashed, and the property restored to the possession of said third party.

4. ATTACHMENT—AFFIDAVIT.

A defective affidavit for an order of attachment can not be supplemented by subsequent affidavit or proofs.

WHITE & ALLEN, for plaintiffs in error cited 91 U. S. 618; 1 Greenl. Ev. § 82; Id. § 87; Steph. Ev. 116, 117; 31 Fed. Rep. 313; 29 Pac. Rep. 466; 16 S. E. Rep. 638; 35 W. Va. 258; Code, c. 100, s. 13; Beach Corp. §§ 56, 57; 121 Ill. 530; 130 U. S. 396; 22 W. Va. 600.

ERSKINE & ALLISON, for defendant in error cited 2 Greenl. Ev. § 637; 1 Greenl. Ev. § 35; 1 Bar. Law Pr. 211; 1 W. Va. 57; 3 W. Va. 172; 8 Cal. 615; 12 Tex. 130; 6 Tex. 497; 53 Me. 544; 15 N. J. L. 412; 21 Barb. 333.

English, President:

This was a petition filed by the United States Baking Company under section 152, c. 50, of the Code, to try the right of certain property levied on under an attachment sued out by P. Bachman & Sons against M. Merkel and the Wheeling Bakery Company before W. H. Caldwell, justice of the peace for Madison district, Ohio county.

The United States Baking Company in its petition alleges, that it was, when said attachment was issued, and has been ever since the owner of the property levied on by virtue of said attachment; while P. Bachman & Sons on the other hand claim, that they are entitled to said property by virtue of the lien created by the levy of said attachment. The Wheeling Bakery Company moved to quash the attachment, which motion the justice overruled; and after hearing the evidence he ordered, that the officer, who levied said attachment, do deliver the property to the United States Baking Company. From this judgment P. Bachman & Sons appealed to the Circuit Court of Ohio county, which court affirmed the judgment of the justice and ordered that the property be delivered to the United States Baking Company. The defendants P. Bachman & Sons moved the court to set aside the order and judgment, and to grant them a new trial, which motion was overruled. Said P. Bachman & Sons excepted and obtained this writ of error.

The first error assigned and relied upon by the plaintiffs in error is the action of the court in refusing to dismiss said petition of interpleader and the proceedings thereunder. In considering the question raised by this assignment of error let us first inquire into the validity of the attachment-proceedings, under which said P, Bachman & Sons claim a lien upon the property in controversy, as their only claim to the property is by virtue of said attachment.

Was the affidavit, upon which the attachment was predicated, sufficient to authorize an attachment? Section 193, c. 50, of the Code, under which this attachment was issued, provides: "If the plaintiff at the commencement of his action or at any time during its pendency and before judgment show to the justice by his own affidavit or the

affidavit or affidavits of one or more credible persons among other things that the defendant is a foreign corporation or a non-resident of the state, such justice having jurisdiction of the action might, subject to the provisions contained in the following section, issue an order of attachment," *etc.*; and section 37, c. 54, of the Code provides: "Every such corporation" (the one under which this attachment was sued out being organized under said chapter) "shall within one hundred days after organizing by power of attorney duly executed appoint some person residing in the county in this state, wherein it has the office mentioned in the next preceding section, to accept service on behalf of said corporation of any process or notice, the said power of attorney shall be filed and recorded in the office of the clerk of the County Court of the county, in which the attorney resides, and the admission to record such power of attorney shall be deemed evidence of a compliance with the requirements of this section. And whether such agent accept the agency or not the service of process upon such person so appointed shall be legal and binding on the corporation. Any such corporation failing to comply with such requirements shall during the continuance of such failure forfeit not less than five hundred nor more than one thousand dollars for every six months that such failure continues; and its property real and personal shall be liable to attachment in like manner as the property of non resident defendants."

Now, the effort was made in suing out this attachment to show, that the plaintiff was entitled to an order of attachment against the Wheeling Bakery Company as a corporation under said last-named section. Did the affidavit filed by the plaintiff in this case show to the justice, that said Wheeling Bakery Company or its property real or personal was liable to an attachment in like manner as the property of a non-resident defendant? The affidavit, upon which said attachment is predicated, does not show when said Wheeling Bakery Company was organized, and by the statute it was allowed one hundred days after its organization to appoint an agent or attorney under said section, before it would be liable to an attachment thereunder; and,

for anything that appears in said affidavit at the time the same was made the property of said company may not have been liable to an attachment, for the reason that one hundred days had not then elapsed since its organization. The proceeding by way of attachment is a statutory remedy in derogation of the common-law, and, in order to create a lien, the provisions of the statute must be pursued strictly; and, in order to authorize an order of attachment, it was incumbent on the plaintiff to show by the affidavit presented, that the defendant corporation had not within one hundred days after its organization by power of attorney duly executed appointed some person residing in the county, wherein it has its principal office, to accept service on behalf of said corporation of any process or notice, and that the failure to appoint such person continues, if the said one hundred days has elapsed, before the property real and personal would be liable to attachment in like manner as the property of non-resident defendants.

While it is true, that a failure to appoint such person by power of attorney, as required by said section, would render the property of such corporation liable to an attachment as the property of a non-resident defendant, the affidavit would not be in accordance with the requirements of said section 37 of chapter 54, if it merely stated, that the defendant was a non-resident. Neither can it be regarded as sufficient, when it simply states, that the Wheeling Bakery Company has failed to appoint and have according to law in the state of West Virginia a person to accept service on its behalf, and on whom service might be had of process or notice against it according to law, for the reason that it does not appear by the affidavit, when the defendant company was organized, and it does not appear that more than one hundred days had elapsed since its organization; and, unless this is made to appear by the affidavit, it may be true that such person had not been appointed as required by law, to accept service, *etc.;* and yet the property of said company would not be liable to attachment, because the failure to make such appointment would not appear to be of such duration as to make such property liable to attachment.

In the case of *Mantz* v. *Hendley*, 2 H. & M. 308, the court held, that an attachment irregularly issued ought to be quashed *ex officio* by the court to which it is returned, though bail be not given, nor any plea be filed by the defendant; and in like manner the court ought to quash it on errors in arrest of judgment after pleadings and a verdict for the plaintiff. See, also, *Altmeyer* v. *Caulfield*, 37 W. Va. 847 (17 S. E. Rep. 409) fourth point of syllabus, where this Court held: "The remedy by attachment being authorized alone by statute, and being in derogation of the common-law, and being, moreover, summary in its effects, and liable to be used oppressively, such statute will be strictly construed. The preliminary affidavit required by the statute must contain each element thereby prescribed."

The affidavit under consideration contains none of the allegations required by section 193 of chapter 50 of the Code as to fraud or non-residence, and, as it does not comply with section 37 of chapter 54 of the Code, which is requisite to show that the property of the baking company was liable to attachment under that section, we must regard it as insufficient to authorize an attachment.

The affidavit must be sufficient in itself and on its face to authorize the order of attachment; it can not be supplemented by additional proofs or affidavits. See *Cosner's Adm'r* v. *Smith*, 36 W. Va. 788 (15 S. E. Rep. 977). The only claim asserted by said P. Bachman & Sons to the property in question being by reason of the levy of said order of attachment, and that being, as we think, irregular and unauthorized by law and constituting no lien upon said property, and as there is no controversy between the Wheeling Bakery Company and the United States Bakery Company as to the ownership of the property, the latter being in possession, and the proof showing that the property had belonged to the latter since the 10th day of September, 1890, we think the court committed no error in ordering said property to be delivered to said United States Baking Company; and the judgment complained of must be affirmed, with costs and damages.