# CHARLESTON.

SOMMERS *et al. v.* ALLEN.

Submitted Sept. 7, 1897—Decided Nov. 27, 1897.

1. ATTACHMENT—*Affidavit—Form of Affidavit.*

   An affidavit, for an attachment omitting the word "justly" from the clause "justly entitled to recover" is bad, and should be quashed on motion. (p. 122).

2. ATTACHMENT—*Affidavit—Sufficiency of Affidavit.*

   An affidavit for an attachment not stating the nature of the plaintiff's demand, so as to show a title or right in the plaintiff to such demand, is bad, and should be quashed on motion. (p. 122).

3. ATTACHMENT—*Affidavit—Sufficiency of Affidavit.*

   An affidavit for an attachment not stating material facts to

show the existence of the ground of attachment (except in case of non-residence) is bad, and should be quashed on motion. (p. 122).

4. Attachment—*Affidavit—Form of Affidavit.*

If an attachment affidavit says that affiant believes that the plaintiff "should recover" instead of "entitled" to recover, it is bad, and ought to be quashed on motion. (p. 122).

5. Attachment—*Affidavit—Amendment.*

An affidavit for an attachment cannot be amended except as to merely clerical defects, and as to other facts relied on to show the existence of grounds of attachment. Section 1, chapter 106, Code 1891, goes no further in allowing amendments than as to such additional facts. The omission from the affidavit of the word "justly" cannot be cured by amendment. (p. 123).

6. Attachment—*Affidavit—Amended Affidavit.*

An amended affidavit in an attachment case, stating additional facts to show the existence of the ground of attachment specified in the first affidavit, must show that such facts existed at the date of the first affidavit. (p. 124).

Appeal from Circuit Court, Harrison County.

Suit by D. W. Boughner and Hoffman Sommers against J. H. Allen, Kate Allen, and the Merchants' National Bank of West Virginia. There were decrees for plaintiffs, and certain defendants appeal.

*Reversed.*

Harvey W. Harmer, for appellants.

Edwin Maxwell, for appellees.

Brannon, Judge:

D. W. Boughner and Hoffman Summers brought a suit in equity, with an attachment, against J. H. Allen, Kate M. Allen, and the Merchants' National Bank of West Virginia, at Clarksburg, resulting in a decree in favor of the plaintiffs for a debt, and subjecting to sale personal property of Kate M. Allen, to pay that debt and others brought into the case; and Kate M. Allen appeals, and the Clarksburg Furniture Company unites in the appeal. There is no jurisdiction for the suit in a court of equity, unless the attachment gives it. A motion was made to quash the affidavit on which the attachment rested, which motion was taken under consideration; and, pending its consideration,

a supplemental affidavit was filed, over objection to it, and then a motion was made to quash both affidavits, and dismiss the attachment and bill, and both motions were then overruled. We must therefore look into these affidavits.

The first one is bad for several reasons. It does not state that affiant believes that the plaintiffs are "justly" entitled to recover the amount specified. The statute uses both the words "justly" and "recover," and it is not enough to say that the plaintiff is entitled to recover. The word "justly" is designed to more deeply search the conscience, and guard against flimsy, unjust demands, by compelling the sworn conscience to explicitly state that the demand is just. It performs a material office, and is indispensable. *Crim* v. *Harmon*, 38 W. Va., 596, 601, (18 S. E. 753); *Cosner's Adm'r* v. *Smith*, 36 W. Va., 788, (15 S. E. 977). The affidavit says that the affiant believes that plaintiffs "should" recover, instead of "entitled" to recover. Are "should" and "entitled" tantamount? The word "entitled" means that the party has legal ground to recover, while "should" may mean merely the expression of the affiant's opinion. I do not think this will do under the rigid doctrines relating to attachments.

The first affidavit is bad also because it states merely that J. H. Allen had left, and Kate M. Allen was about to leave, the state, with intent to defraud their creditors, without stating any facts relied upon to substantiate this charge, as required by Code 1891, c. 106, s. 1. *Goodman* v. *Henry*, 42 W. Va., 526, (26 S. E. 528).

Said first affidavit is bad also because indefinite in the statement of the cause of action, as it states that the suit is to recover three hundred and ninety-six dollars, "which sum will be due and payable on said 1st day of February, 1896, which sum the plaintiffs claim will be due on that day on a negotiable note signed by J. H. Allen and Kate M. Allen," and afterwards states that "affiant believes said plaintiffs should recover, at least, said sum." Why should the plaintiffs recover or sue out an attachment when no right in them to recover is shown? The affidavit does not say to whom the note was given. You have to infer that it was executed to plaintiffs, and inferences are not allowed in attachment affidavits. The date of note is not given,

nor the bank of payment.   The statute demands of the affidavit that it state "the nature of the plaintiff's claim." *Cosner's Adm'r* v. *Smith*, 36 W. Va., 788, (15 S. E. 977). Does this show any title in them?   1 Shinn, Attachm. § 132, says:   "To every valid affidavit for attachment, there must be two distinct and essential averments: (1) There must be an averment of a cause of action between certain named parties, based upon a money demand; and (2) there must be a further averment of a ground of attachment,— that is, a statement of facts because of which the statute will permit an attachment to issue.   *   *   *   These two conditions are always essential, and their averment absolutely necessary.   *   *   *   The ownership of the debt is a material part of the description."   Uncertain inference only tells us who owns this note.   This would not do in a declaration or bill, as it would show no title—that is, cause of action—in plaintiffs.   Ought not an affidavit to give it with the same substantiality, not mere details, as a pleading?   1 Shinn, Attachm. § 132, says: "An affidavit is sufficient if it allege all the material issuable facts necessary to entitle the plaintiff to recover."   It ought to show, anyhow, how plaintiffs became entitled to the note, either as payees or indorsees.   I think this indefiniteness ought to quash the affidavit.   When we look at the bill, it shows a note payable to the bank, signed by plaintiffs and defendants, and delivered to plaintiffs to secure them certain money they had paid.   If we say that we are to infer from the affidavit that plaintiffs were payees in the note, here is a variance between bill and affidavit, which in some places quashes the attachment, and in others abates it on plea in abatement.   The cause of action stated in the two papers ought to be the same.   I would think it ought to quash it on motion.

The second affidavit seeks to cure the omission of the word "justly," but it cannot be allowed to do so.   Substantial defects in affidavits for attachments cannot be amended unless a statute allows it.   Merely clerical errors are correctible.   *Baking Co.* v. *Bachman*, 38 W. Va., 84, (18 S. E. 382); 1 Shinn, Attachm. § 152.   (See *Miller* v. *Ziegler*, 29 S. E. 981, *infra*).   Section 1, chapter 106, allows a

supplemental affidavit to state additional facts to show the grounds of attachment, but allows no other amendment. The omission of the word "justly" relates to the plaintiff's right to recover; in other words, to his cause of action, not to the grounds for attachment. So, the second affidavit cannot cure this defect. Nor could it cure the defective statement of the cause of action above referred to, but it does not attempt to do so. Therefore the court below ought at once to have quashed the first affidavit, because it contained incurable defects. This would end the case.

The second affidavit seeks to cure the vice in the first in not specifying facts to warrant the charge of leaving the state to defraud creditors, by affiant stating that, "immediately after making his first affidavit in this suit, he was informed and believes that defendant Kate M. Allen, wife of defendant J. H. Allen, was, about the time said affidavit was made, packing and boxing her furniture in condition to be shipped upon railroad cars, making about the same time the declaration that she was going back to Baltimore." Assuming that we take judicial notice that Baltimore is outside this State, and that these facts show sufficient basis for the ground of attachment, as likely they do, the question arises:   When did this state of facts exist,—at the date of the first affidavit, or later?   Affiant was informed immediately after making the first affidavit that Mrs Allen was packing goods. How long after? Was she packing goods, and declaring she was going to Baltimore, when the first affidavit was made?   An amended affidavit must relate back to the commencement of the action, and will be insufficient if the averments be in the present tense.   1 Shinn, Attachm. p. 263.   In other words, the second affidavit must show that Mrs. Allen was already doing these acts at the date of the first affidavit, to show then-existing grounds of attachment.

The court having no jurisdiction, we will not decide questions as to other debts, and matters in the case.   Petitions filed in it are mere dependencies, and fall with the suit.   I may remark that petitions were filed setting up other debts, and from the partial record we cannot say whether process was issued on them to give defendants a chance to answer them as was necessary. *Fowler* v. *Lewis'*

*Adm'r*, 36 W. Va., 114, (14 S. E. 447); *Morgan* v. *Morgan*, 42 W. Va., 542, (26 S. E. 294). And it seems the mere petition and order to make them parties would not do without amendment of bill. *Shinn* v. *Board*, 39 W. Va., 497, (20 S. E. 604). They were ordered to be made parties, but no amended bill was filed, and the original did not mention their interests. I see, however, that a rent lien to Jackson was decreed against the property, without petition, or its being presented to or reported by commissioners under the reference to him to report all liens on the personalty, and Jackson not a party; not a show of an opportunity for defendants to contest it either in court or before the commissioner; not a word in any pleading or report, or anywhere in the record, as to this debt, save in the decree. This was not proper. *Smith* v. *Lowther*, 35 W. Va., 300, (13 S. E. 999); *Roberts* v. *Coleman*, 37 W. Va., 143, (16 S. E. 482). Liens can be presented to a commissioner ascertaining liens on lands; but as to personalty, under ordinary chancery practice, I do not say. Therefore we reverse both decrees, quash the affidavits and attachments, and dismiss the bill, without prejudice to any parties as to other suits which they may see proper to bring.

*Reversed.*