# CHARLESTON.

KESLER v. LAPHAM, *et al.*

Submitted January 25, 1899—Decided April 8, 1899.

1. ATTACHMENT—*Affidavit.*
   Affidavit for attachment may be made before an officer of any county, though to be used in a suit in another county. (p. 295.)

2. ATTACHMENT—*Affidavit—Venue.*
   A venue is not necessary,—that is, its absence will not vitiate an affidavit for attachment,—if it appear that the affidavit was made before an officer of a certain county. (p. 295.)

3. ATTACHMENT—*Affidavit—Venue.*
   If an affidavit be made before an officer of a certain county shown in the venue or otherwise, it will be presumed that it was sworn to in that county. (p. 295.)

4. ATTACHMENT—*Affidavit—Reasonable Time.*
   The ground for an attachment should exist when it is sued out, and for this reason the time between the making of the affidavit

and the issue of the attachment should not be unreasonable. The two acts need not be simultaneous, but done within a reasonable time; and what is a reasonable time is to be judged of by the situation of the parties. (p. 295 )

5. ATTACHMENT—*Affidavit.*

An affidavit for an attachment from a justice which says that "affiant believes that plaintiff ought to recover thereon" a certain sum is not bad, as not sufficiently positive. (p. 297.)

6. ATTACHMENT—*Affidavit.*

An affidavit for attachment which says, "The claim of said plaintiff against the defendant is for professional services rendered by plaintiff," there being two defendants, and the one indebted not being specified, is bad, (p. 298 )

7. APPEAL—*Review on Appeal*

The supreme court will not consider questions not yet acted on by the circuit court in the case. (p. 298.)

8. APPEAL—REVIEW ON APPEAL—*Attachment.*

Where a writ of error is only to a judgment, refusing to vacate an attachment, the balance of the case remaining undecided in the circuit court, the supreme court will consider only matters arising upon the judgment refusing to abate the attachment. (p. 298.)

Error to Circuit Court, Summers County.

Action by A. K. Kesler against O. K. Lapham and others. Judgment for plaintiff. Defendants bring error.

*Reversed.*

MILLER & READ, for plaintiffs in error.

HEFLIN & ARBUCKLE, for defendant in error.

BRANNON, JUDGE:

Kesler brought an action before a justice of Summers county against Lapham and Lighthart for the recovery of money due on contract, and he filed an affidavit of nonresidence, and sued out an order of attachment against the estate of the defendants. Lapham appeared before the justice, and moved him to quash the affidavit and attachment, and judgment was rendered against Lapham for one hundred and sixteen dollars, and he took an appeal to the circuit court, and in that court he moved to quash the attachment; but the court overruled this motion and from this order refusing to abate the attachment Lapham obtained a writ or error to this Court.

One defect charged against the attachment affidavit is that it was made before a notary of Greenbrier County,

and does not show that the affiant appeared in that county, and took the oath specified in the affidavit. The answer to this point is that stated in *Bensimer* v. *Fell*, 35 W. Va. 15, (12 S. E. 1078), and that is that it will be presumed that the oath was taken in the officer's county, and that the officer did not do the illegal act of usurping jurisdiction or power to act outside of his county. See *Quesenberry* v. *Association*, 44 W. Va. 512, (30 S. E. 73). In this case the notary signed as notary for Greebrier County, and the cases cited would justify a presumption that the oath was administered in that county.

Another defect charged against the affidavit is that it contains no venue, and is therefore void. It seems that, under the old common law, such defect would have been serious, and under some decisions in New York; but such technicality has been overruled. If the affidavit in any way tells the authority of the officer, and indicates of what county he is an officer, as this one does, it is, and ought to be, good, though it have not that formal part usually found in pleadings and other papers called the "venue." This is the final result, after elaborate consideration, reached by the courts, as appears in that very late and valuable work, the Encyclopedia of Pleading and Practice (volume 1, pp. 313, 314).

Another point made against the affidavit and attachment is that the affidavit was made before an officer of Greenbrier County on the 3d of December, 1896, and the action was brought and the attachment issued on December 5, 1896, in Summers County. The affidavit gives the title of the case, and states that it is in a civil action before H. Ewart, a justice of the peace of Summers County, and states that Kesler is plaintiff in it, and it is said that no such suit was pending when the affidavit was made. Code, ch. 50, sec. 193, does not specify just when the affidavit may be made, further than to say that, "if the plaintiff at the commencement of his action or at any time during its pendency, and before judgment, show to the satisfaction of the justice by his own affidavit, or the affidavit of one or more credible persons made before any person authorized to administer oath's," certain things, he may have an attachment. Clearly that shows that he must at the commencement of the action, if he then sues out his attach-

ment, have his affidavit present, and so if he sues it out afterwards; but that does not precisely tell us when the oath must be administered. The affidavit must show the existence on the ground of attachment when it isues ,and it is not sufficient if it shows that ground as existing long antecedently. But it is a rule of law where domicile or residence is shown to be at a certain place at one time, it would be presumed to continue until the contrary appears, and certainly to continue from the 3rd to the 5th day of a month. "The affidavit alleging the facts or grounds of attachment on which, under the statute, the attachment is authorized, should be made prior to, or contemporaneous with, the issue of the writ." 3 Enc. Pl. & Prac. 5. In *Adams* v. *Lockwood, Englehart & Co.*, 30 Kan. 373, (2 Pac. 626,) where an affidavit was made eighteen days before it was filed or the action commenced, the court held that the intervening time was not so great as to compel the discharge of the attachment, where the affidavit was of some fact which, having occurred, was not subject to change, as, for instance, an allegation that the debt was fraudulently contracted. In *Graham* v. *Bradbury*, 7 Mo. 281, a lapse of several days between the date of the affidavit and the writ was held not sufficient to quash. In *Wright* v. *Ragland*, 18 Tex. 289, the affidavit was made in New York on June 9th, and filed in Texas on July 3d, and the court said: "Such delay, as to cast suspicion on the verity of the affidavit, or lead to the supposition that the ground stated for the attachment had ceased to exist, might warrant quashing the attachment. But the fact of residence or nonresidence in the state is not, ordinarily, of so transitory a nature as to lead to the supposition that it will cease to exist within so brief a time as that which elapsed between the making of the affidavit and the filing of it in this case. There is no room to suspect that the affidavit was not true as well when it was filed as when made." In *Foster* v. *Illinski*, 3 Ill. App. 345, the rule laid down is: "The ground for an attachment should exist at the time the proceeding is commenced, and for this reason the time intervening between the making of the affidavit and the commencement of attachment proceedings should not be unreasonable. The two acts need not be simultaneous, but done within a reasonable time, and

what is a reasonable time is to be judged of by the situation of the parties." In *Wheeler* v. *Farmer*, 38 Cal. 203, it was held that "there is no objection to the preparation of the papers requisite to the writ of attachment before or at he time the complaint is prepared, provided the affidavit is not filed in advance of the complaint." I will add that it seems to me that an additional reason for not holding that the fact that the affidavit was made two days before the attachment issued ought not to invalidate it is found in the fact that the statute says that the plaintiff may have an attachment if, by affidavit, he "show to the satisfaction of the justice" certain things. Why may the justice not be satisfied of those things by affidavit made several days before? I see no reason why a person in Greenbrier County, alone cognizant of the facts, and sick or disabled, should not there make an affidavit for an attachment, and send it to another county for an attachment, though the affidavit do not reach the latter county for several days. Of course, there can be no objection to the affidavit being made in another county. So it before an officer in this State or elsewhere authorized to administer an oath, it is sufficient, as the statute quoted above says. The above principles are sustained, I think, by 1 Wade, Attachm. section 62, and Drake, Attachm. section 90c.

Another objection to the affidavit is that it says that the affiant "believes the plaintiff ought to recover thereon $116," the objection being to the word "believes." There are, it is true, many different degrees of belief. Trifling facts, which would inspire belief in one man, would not in another. Sometimes belief is mere vague, indefinite opinion; in other cases, conviction based on solid facts. Before seizing a man's property, the amount of money, giving the extent of the seizure, ought to be given, and given positively, according to the books. 1 Shinn, Attachm. section 135c; 3 Enc. Pl. & Prac. 21, note 3; *Dyer* v. *Flint*, 74 Am. Dec. 76. But our statute as to attachments in circuit courts allows "beliefs" as to amount, and the justice's chapter requires no particular word,—only a statement of the amount of the claim; and we cannot quash the affidavit for this cause.

Another objection made to the affidavit is that it

does not state sufficiently the nature of the claim. It only says that it "is for professional services rendered by the plaintiff." What professional services? As lawyer, doctor of medicine, or dentist, it does not say. It does not say to whom rendered, except by mere implication. The nature of the claim should be stated with some legal definiteness. *Sommers* v. *Allen*, 44 W. Va. 120, (28 S. E. 787); *Crim* v. *Harmon*, 38 W. Va. 596, (18 S. E. 753); *Cosner's Arm'r* v. *Smith*, 36 W. Va. 788, (15 S. E. 977); 1 Shinn, Attachm. section 132,—the latter authority saying that "an affidavit is sufficient if it alleges all the material issuable facts necessary to entitle the plaintiff to recover." This affidavit does not do so; and there are two defendants, and the affidavit does not say to which one the professional services were rendered; but it says that the demand therefor is "against the defendant," and does not say "defendants"; and the question arises which one is indebted for the services; but the affidavit does not answer, and surely, in stating the nature of the claim, the particular one of two parties owing the demand ought to be stated. The affidavit therefore and the attachment should have been quashed. Questions are argued in the briefs about the returns on the original and *alias* summons in the main action, there having been before the justice a motion to quash the summons; but no motion of that kind was made in the circuit court, but only a motion to quash the attachment. If we would decide anything on the subject, I would ask how we can quash a summons for defect of return. A bad return would of course invalidate a judgment, but would it quash the summons? *Hopkins* v. *Railroad Co.*, 42 W. Va. 536, (26 S. E. 187.) But as the circuit court has not passed on that question, and this writ of error is only from the judgment refusing to abate the attachment, we will not consider those questions; this being an appellate Court, which passes only on matters previously passed upon by the circuit court. *Armstrong* v. *Grafton*, 23 W. Va. 50; *Burke* v. *Adair, Id.* 165, *Alderson* v. *Commissioner*, 32 W. Va. 461, (9 S. E. 863); *Bank* v. *Gould*, 42 W. Va. 137, (24 S. E. 547). A further reason for not passing on those questions is that only the attachment gave jurisdiction in this case, and, it failing, the action fails. For these reasons we reverse the judgment of the circuit court overruling the mo-

tion to abate the attachment, and we quash the affidavit, abate the attachment, and dismiss the action. It is hardly necessary to say that the judgment before the justice is no longer in force, it having been vacated by the appeal.

*Reversed.*