# CHARLESTON.

## MILLAR v. WHITTINGTON *et als.*

Submitted November 2, 1915.    Decided November 9, 1915.

1. ATTACHMENT—*Affidavit—Sufficiency—Statement of Claim.*
   An affidavit for an attachment, saying the plaintiff is about to institute a suit in equity against the defendants ''for the recovery of a claim and debt arising out of contract, upon and by the terms of which there is justly due the plaintiff,'' (naming him), from the defendants, (naming them), ''as affiant verily believes,. at least the sum of Eight Hundred and Nine Dollars,'' is fatally defective for failure to state sufficiently the nature of the plaintiff's claim. (p. 142).

2. SAME—*Defect in Affidavit—Cure by Amendment.*
   Such a defect is not remediable by amendment. (p. 143).

3. SAME—*Quashing Attachment—Dismissal of Suit in Equity.*
   Upon quashing an attachment in equity for a purely legal demand, the suit should be dismissed, when there is no ground of equity jurisdiction other than the attachment. (p. 143).

Appeal from Circuit Court, Monongalia County.

Suit by Harry C. Millar against Cora L. Whittington and others. From an order overruling motion to quash attachment, defendants appeal.

*Reversed, attachment quashed, and suit dismissed.*

*Altha Warman* and *Terence D. Stewart,* for appellants

*Lazzelle & Stewart,* for appellee.

POFFENBARGER, PRESIDENT:

This appeal is from an order overruling a motion to quash an attachment, on the ground of insufficiency of the statement of the nature of the plaintiff's claim, in the attachment affidavit, which describes it as follows:

"A claim and debt arising out of contract, upon and by the terms of which said contract there is justly due" the plaintiff from the defendants, naming them, "as affiant verily believes, at least the sum of Eight Hundred and Nine Dollars."

Obviously this statement amounts to no more than a conclusion founded upon facts known to the affiant, but not set out, or even indicated, in the affidavit. No fact is given from which the nature of the contract can be known, not even its subject matter. What obligation the defendants took upon themselves is not disclosed, nor is there any charge or claim of a breach thereof. Numerous decisions of this court declare insufficiency of a mere claim by way of conclusion. Enough facts must be stated, to show a duty from the defendant to the plaintiff and a breach thereof, as in the case of a declaration or bill. The attachment stands upon the affidavit, not the bill or declaration, and that must state facts which, if true, constitute a cause of action. *Bank* v. *Loeb,* 7 W. Va. 494; *Home Distilling Co.* v. *Himmel,* 74 W. Va. 756; *Eplin* v. *Blessing,* 73 W. Va. 283; *Crim* v. *Harmon,* 36 W. Va. 596.

The defect is in the affidavit, not the order, and is substantial, not merely clerical and formal. Hence it is not amendable and the motion to quash should have been sustained. *Sommers* v. *Allen,* 44 W. Va. 120; *Cosner's Adm'r.* v. *Smith,* 36 W. Va. 788; *U. S. Baking Co.* v. *Bachman,* 38 W. Va. 84. As the only ground of equity jurisdiction is the attachment, the demand being a purely legal one, the defendant was entitled to have the suit dismissed as well as the attachment quashed. *Miller* v. *Zeigler,* 44 W. Va. 484.

For the reasons stated, the order complained of will be reversed, the attachment quashed and the suit dismissed.

*Reversed, attachment quashed, and suit dismissed.*