## CHARLESTON.

THOMAS HATFIELD v. THOMAS BLOUNT.

Submitted April 27, 1920.     Decided May 11, 1920.

1. ATTACHMENT—*Affidavit not Stating Material Facts Cannot be Amended by Another Affidavit.*

   An affidavit for an attachment upon any of the grounds prescribed by § 1 of ch. 106 of the Code, except the first, which fails to make any statement of the material facts relied upon to show the existence of the grounds for the attachment is void, and cannot subsequently be amended by the filing of another affidavit purporting to state such material facts. (p. 413).

2. SAME—*Distinct Grounds Should be Joined in the Conjunctive, But Different Phases of a Single Ground May be in the Disjunctive.*

   Where an attachment is sued out and reliance is had upon two or more distinct grounds for support thereof, they should be joined in the conjunctive; but where only one ground of attachment is relied upon, and two or more phases of the

same fact which constitutes such ground are stated, the join-
ing of such different phases in the disjunctive will not invali-
date the attachment affidavit. (p. 413).

3.  SAME—*Affidavit Setting Out Two Phases of the Same Fact Will
    not be Quashed.*

    An attachment sued out upon the fifth ground given by § 1 of
    ch. 106 of the Code, that the defendant is converting, or is about
    to convert his property, or a material part thereof, into money
    or securities, with intent to defraud his creditors, will not be
    quashed because the attachment affidavit states that the de-
    fendant is converting, or is about to convert, his property, or
    a material part thereof into money or other securities. This
    is but the declaration of two phases of the same fact which
    constitutes the basis of the attachment. (p. 414).

    (LYNCH, JUDGE, absent).

Error to Circuit Court, Mingo County.

Suit by Thomas Hatfield by motion for judgment against
Thomas Blount, with attachment against defendant's property,
in which, after the granting of a motion to quash the attach-
ment and affidavit and the filing of another affidavit, the
National Bank of Commerce intervened by suit against de-
fendant Blount, and attached the same property. Intervener
was allowed to make defense against plaintiff's attachment, its
motion to quash plaintiff's attachment was overruled, and
plaintiff's lien was held superior to its lien, and intervener brings
error.

*Reversed; attachment quashed.*

*Goodykoontz, Scherr & Slaven,* for plaintiff in error.
*S. D. Stokes,* for defendant in error.

RITZ, JUDGE:

The plaintiff, Thomas Hatfield, instituted a suit by motion
for judgment in the Circuit Court of Mingo County against the
defendant, Thomas Blount, and filed an affidavit upon which
was issued an order of attachment, which was in turn levied
upon certain real estate, as well as an automobile belonging to
the defendant. Subsequently the National Bank of Commerce
instituted its suit against the same defendant, and upon an
affidavit filed an attachment was sued out and levied upon the

same property. The defendant appeared to the action of Hatfield and moved to quash the attachment issued thereon upon the ground that the affidavit was not sufficient. The attachment was issued upon the fifth ground prescribed in § 1 of ch. 106 of the Code, that the defendant is converting, or is about to convert his property, or a material part thereof, into money or securities, with intent to defraud his creditors. The affidavit does not state any facts upon which this conclusion is based, as is required by the statute. It does not even undertake to comply with this requirement. The court sustained this motion and quashed the attachment and the affidavit, but the plaintiff thereupon filed another affidavit in which he stated at considerable length the material facts upon which he relied to justify the conclusion that the defendant was converting, or about to convert, his property into money or securities, with intent to defraud his creditors, and averring in this affidavit that these facts were in addition to those stated in the former affidavit, and had come to his knowledge since he filed the former affidavit. A motion was made by the defendant to quash this affidavit. About this time the National Bank of Commerce intervened under the statute, filing its petition showing that it was an attachment creditor, having a debt against Blount, and desired to come in for the purpose of contesting the lien claimed by the plaintiff by virtue of his attachment. The matters arising upon the petition were heard by the court, and the court found that the bank did have a valid claim against the defendant, and had a valid attachment against his property, and allowed it to make defense against the plaintiff's attachment. The bank thereupon moved to quash the plaintiff's attachment upon the grounds above stated, and if the attachment could not be quashed that the plaintiff's lien be held to be subordinate to the lien of the bank. The court upon the hearing overruled the motion to quash the attachment of the plaintiff, and held that the plaintiff's lien by virtue thereof was superior to the lien of the bank, to review which judgment this writ of error is prosecuted.

It is contended that while the statute permits a plaintiff suing out an attachment to file a supplemental affidavit stating any other facts which may since have come to his knowledge,

which are relied upon to support the grounds of the attachment, that that does not apply in this case, for the reason that no facts were stated in the original affidavit, and for that reason the second affidavit could not be treated as a supplemental one, or as a statement of facts in addition to those formerly stated when there had been none formerly stated. The original affidavit filed by the plaintiff simply states the ground upon which the attachment was sued out to be that the defendant is converting, or is about to convert, his property into money or securities, with intent to defraud his creditors. There is no statement of any material facts upon which this conclusion is based as the statute requires. If there had been an attempt to comply with the statute by the statement of material facts relied upon, then there is authority for filing a supplemental affidavit to bring in facts coming to the knowledge of the party since the time of the filing of the original affidavit. In this case we have the supplemental affidavit, in which the plaintiff swears that all of the facts therein contained existed at the time of filing the original affidavit, but that they have all come to his knowledge since that time. This is equivalent to saying that he knew of no facts at the time he filed the original affidavit which justified the suing out of the attachment. It cannot be said that it constitutes an amendment or a statement of additional facts, as contemplated by the statute, for there were no facts set up originally. The original affidavit was absolutely void, and no attachment should ever have been issued thereon, and under our holding an absolutely void affidavit cannot be amended. *Cosner* v. *Smith,* 36 W. Va. 788; *United States Baking Co.* v. *Bachman,* 38 W. Va. 84; Shinn on Attachments, § 152. This original affidavit and the attachment issued thereon the court did, on motion of the defendant, quash, but the effect of his subsequent holding was that by filing a supplemental affidavit it was brought back into life, notwithstanding no order was ever entered setting aside the judgment quashing the same.

It is further asserted that the affidavit is fatally defective in that it alleges grounds for the attachment in the disjunctive. It asserts that the defendant has converted, or is about to convert, his property into money or securities, with intent to defraud his

creditors. There is no doubt but that when different grounds are relied upon to support an attachment they must be joined in the conjunctive, else the defendant would not know upon which of the grounds the attachment was based. It would be no more than saying that one or the other of them exists, without saying which. But where only one ground of attachment is relied upon, as is the case here, and two or more phases of the same fact which constitutes such ground are stated, the joining of the different phases in the disjunctive will not invalidate the attachment affidavit. *Piedmont Grocery Co.* v. *Hawkins,* 83 W. Va. 180. 98 S. E. 155.

Our conclusion is that the original affidavit, being absolutely void for failure to state the material facts upon which the ground of attachment is based, could not be amended, and that the court erred in holding that the plaintiff had a lien by reason of his attachment superior to the lien of the bank.

We will reverse the judgment of the circuit court and enter judgment here holding that the plaintiff has no lien by virtue of the attachment sued out by him.

*Reversed; attachment quashed.*