# WHEELING.

## RUHL, KOBLEGARD & CO. *v.* ROGERS.

Submitted June 14, 1887.—Decided June 25, 1887.

|    |     |
|----|-----|
| 29 | 779 |
| 37 | 856 |
| 29 | 779 |
| 38 | 599 |
| 38 | 704 |

1. ATTACHMENT—AFFIDAVIT.

   Where an affidavit for an attachment contains two grounds for the attachment, one good and the other bad, it is sufficient.

2. ATTACHMENT—AFFIDAVIT.

   In an attachment at law for a debt under chap. 38, Acts of 1885, it is not necessary, that the affidavit shall in express terms state, that the "debt is due;" but it will be sufficient in this respect, if it state "the amount at the least, which, the affiant believes, the plaintiff is justly entitled to recover in the action."

3. ATTACHMENT—AFFIDAVIT.

   The affidavit may be made by "any credible person" and need not state, that affiant is a "credible person," as that will be presumed, until the contrary appears.

*Haymond & Byrne* for plaintiffs in error.

*W. E. Chilton* for defendant in error.

JOHNSON, PRESIDENT:

This is an action of *assumpsit* brought in March, 1886, in the Circuit Court of Clay county. An attachment was issued in the action based on the following affidavit:

"STATE OF WEST VIRGINIA,

   "Braxton County, to wit:—

"This day John King personally appeared before me, W. E. R. Byrne, a notary in and for said county, and made oath, that John Ruhl, Jacob Koblegard and John Koblegard, partners doing business as Ruhl, Koblegard & Co., are about to institute an action at law against Clarkson Rogers for the recovery of a claim arising out of contract, to wit, an account for wares and merchandise sold and delivered by Ruhl, Koblegard & Co. to the said Clarkson Rogers; that affiant believes that the said Ruhl, Koblegard & Co. are justly entitled to recover in said action at the least $229.20 with interest from the 10th day of December, 1885; that he believes, that the

said Clarkson Rogers is a non-resident of the State of West Virginia, and also that he has left said State with intent to defraud his creditors. Affiant says, the material facts relied upon to show the existence of the second of the grounds hereinbefore mentioned for attachment are as follows:— that he, said Rogers, became indebted to numerous parties; that he faithfully promised to settle the claims of said Ruhl, Koblegard & Co. by the assignment to them of certain papers and other property, which he could have done, but contrary to his said promise he placed all of his effects, notes, claims and evidences of debt to the discharge of another debt, which other debt was secured by responsible endorsers, thus leaving plaintiffs' claim with others without any arrangement for their satisfaction and left the said State; that personal service could not be had upon him or judgment obtained against him."

Upon this affidavit an attachment issued on the 20th day of March, 1886, and was levied on three several tracts of land of the defendant. The declaration in assumpsit was filed at April Rules, 1886, when the summons was returnable. At a Circuit Court held for the said county of Clay on the 11th day of May, 1886, the defendant appeared and moved to quash the affidavit and order of attachment in the case for reasons appearing on the face of said affidavit, which motion was argued by defendant's attorney; and the court pronounced the following judgment:—"On consideration whereof, the court doth sustain said motion, and the court being of opinion, that said affidavit is defective and insufficient, the said attachment is hereby quashed, and the property levied upon under and by virtue of the same, is hereby relieved from the lien thereof."

To this judgment the plaintiff obtained a writ of error and *supersedeas*.

By the eighth sub-division of section 1 of chapter 157 of the Acts of 1882 it is provided, that this Court may review the action of the Circuit Court "in any case, where there is a judgment or order quashing or abating or refusing to quash or abate an attachment." No question of jurisdiction is raised in the record or briefs of counsel. It is very clear, that the "material facts" stated in the affidavit to sustain the charge

are insufficient. (Delaplain v. Armstrong, 21 W. Va. 211.) Is the affidavit sufficient to sustain the attachment on the first ground set forth? Section 1 of chapter 38 of the Acts of 1885 provides, that, where an action at law or a suit in equity is about to be or is instituted for the recovery of any claim or debt arising out of contract or to recover damages for any wrong, the plaintiff at the commencement of the action or suit or at any time thereafter and before judgment may have an order of attachment against the property of the defendant on filing with the clerk of the court, in which such action or suit is about to be or is brought, his own affidavit or that of some credible person, stating the nature of the plaintiffs' claim and the amount at the least which the affiant believes the plaintiff is justly entitled to recover in the action; and also, that the affiant believes, that some one or more of the following grounds exist for such attachment: First—That the defendant, or one of the defendants, is a foreign corporation or is a non-resident of the State &c. It is further provided: "Unless the attachment is sued out on the first of such grounds, the affiant shall also state in his affidavit the material facts relied on by him to show the existence of the grounds, upon which the application for the attachment is based."

Now, it does seem to me, the affidavit in this case is in strict compliance with the requirements of the statute. It is true, it was not made by either of the plaintiffs, but by one John King. If he is a "credible person," he could properly make the affidavit. It must be presumed, he is a "credible person," until the contrary appears. If the affiant had stated in his affidavit, that he was a "credible person," that would not have established the fact, that he was so, and the statute does not require, that the affidavit should so state. The credibility of the affiant is not controverted in the record. The affidavit was filed about the time the suit was commenced. It states the nature of the claim and the amount, which, the affiant believes, the plaintiff is entitled to recover in the action, and that he believes, the defendant is a non-resident of this State. The affidavit is certainly sufficient, unless the statute requires it to state in express terms, that the "debt was due." It does substantially state this, when

it states, that affiant believes, that plaintiffs "are justly entitled to recover in the action at the least $229.20 with interest from the 10th day of December, 1885." Section 1 does not require, that the statement should be made in any other form.

The first part of the section, under which the affidavit is filed, and under which the order of attachment issued, seems to be almost literally complied with. But it is said in argument for the defendant in error, that the first ground for the attachment is defectively stated in the affidavit because it fails to show, that the debt was due ; and because, if the debt is not due, it fails to show, that the defendant was a resident of the State, at the time the debt was contracted, and plaintiff believed he would continue to be a resident.

The concluding paragraph of the section is :—" and such attachment may be sued out in a court of equity for a debt, legal or equitable, whether the same be due or not, upon any of the grounds aforesaid ; but the affidavit, in case the debt or claim be not due, shall show, when it will become due. Provided that an attachment shall not be sued out against a foreign corporation or a non-resident defendant for a debt not due, on the ground alone that the defendant is a foreign corporation or a non-resident, nor against a non-resident defendant for a debt not due, unless the affiant show by his affidavit, that he was a resident of the State, when the debt was contracted, and that the plaintiff believed, he would remain a resident of this State, at the time he gave him credit."

If the debt is not due, the statute requires the affidavit to state, " when it will become due," and further, that when the debt was contracted the defendant was a resident of the State, and the plaintiff believed he would remain so. But if the debt is due, it is not necessary to state, when it became due ; it is only necessary to state, how much at least the plaintiff is entitled to recover in the action. When this is stated, it is sufficiently shown, that the debt is due ; and if it is not due, that might be pleaded in abatement, and if the proof sustained the plea, the attachment would be abated.

The court erred in quashing the attachment. The affidavit was sufficient to sustain the attachment.

The judgment is reversed, and the case remanded for further proceedings.

REVERSED.  REMANDED.

# WHEELING.

Submitted June 14, 1887.—Decided June 25, 1887.

*W. E. Chilton* for defendant in error.