## CHARLESTON.

REED, *et al. v.* McCLOUD, *et al.*

Submitted January 15, 1894.—Decided February 3, 1894.

1. ATTACHMENT—AFFIDAVIT—CONSTRUCTION OF STATUTE.

Section 1, c. 106, of the Code among other things prescribes, that the affidavit made for the purpose of having an order of attachment shall state the nature of the plaintiff's claim and the amount at the least, which the affiant believes the plaintiff is justly entitled to recover. *Held*, the term "justly" is not superfluous or insignificant, but is a material qualification of the rest of the phrase, "entitled to recover," and it or its equivalent must be used, in order to constitute a substantial compliance with the statute.

J. H. FERGUSON for plaintiffs in error.

HOLT, JUDGE:

This is a suit in equity by attachment, commenced in the Circuit Court of Logan county on the 27th day of Oc-

tober,1891; and on the 28th day of October, 1891, the plaintiffs filed the bond and affidavit for attachment against the property of defendants, and the attachment was thereupon issued and levied on certain goods, wares, and merchandise, also upon three hundred and eighty five acres of land made up of six contiguous tracts. Plaintiffs' bill was filed at January rules, 1892, and at the April term of the Circuit Court, viz. on April 28, 1892, the defendants by their attorneys moved the court to quash the order of attachment sued out and levied, because the affidavit was defective and insufficient to authorize such order of attachment; which motion the court sustained and quashed the order of attachment; and the plaintiffs appealed under eighth clause of section 1, c. 135, of the Code.

Under one general government there are forty four state governments foreign to each other within the meaning of the attachment law, whose citizens own property or have debts due them in other states, who constantly carry on with each other commercial dealings and business transactions in large numbers and of great value; so that the attachment law is not only useful, but has become indispensable, and the tendency is to widen its scope and enlarge its usefulness in various ways, according to the exigencies of the times.

Many statutes on the subject have been enacted in Virginia and in this state, and these laws have been carefully revised, and the remedy extended, in the revisals of 1819, 1849 and 1868, and statutes since, in which the revisers have recognized the great importance and necessity of the proceeding, and have made it their special endeavor to render the law giving this remedy "clear, precise and methodical," which has resulted in chapter 106 of the Code (see Ed. 1891, p. 742) giving among other things an attachment in equity, as well as at law, for a debt or claim, legal or equitable, owing to the greater flexibility and other advantages of the remedy in equity, and upon the claim, whether it be due or not, subject to certain provisos and conditions (see latter clause of section 1, c. 106) and with leave to file a supplemental affidavit in certain cases; thus showing a disposition to enlarge and advance the remedy, which with

a slight extension of the right to amend and supplement the affidavit would be fully up to the most advanced Codes on the subject.

The affidavit prescribed is short and simple. The plaintiff, or some credible person, shall state "the nature of the plaintiff's claim and the amount at the least which the affiant believes the plaintiff is justly entitled to recover," adding in the case of foreign attachment, that the defendant is a nonresident of this state, and, in the case of a domestic attachment, some one or more of the grounds specified, with the material facts relied upon to show their existence. He shall state the amount, at the least, which he believes the plaintiff is justly entitled to recover.

It is true this concise, clear, and precise formula is not sacramental, but it is nevertheless jurisdictional, and there should be a reasonable degree of certainty in so important a matter, being of interest to others as well as to the parties. It is true, that, when the purchaser's title to the land attached and sold is hereafter impeached for insufficiency of the affidavit, the court may go a long way in the endeavor to uphold his title; but, where the question has been presented at the inception of the suit, the courts of this state through a long course of decisions have shown a disposition not to tolerate any experimentation, either by substitution or omission, with this part of the affidavit prescribed by the statute, but to abide by the words the lawmaker has seen fit to use, so that no clause, sentence or word of this fundamental part of the affidavit shall be treated as superfluous or insignificant, and for the following reasons:

(1) This part of the affidavit is short and simple. It is against public policy and general convenience to needlessly endanger the jurisdictional element of so important and useful a remedy, by involving it in the confusion and uncertainty of omitting words as meaningless, or replacing others with their equivalents.

(2) It is due to the court that its time should not be consumed unnecessarily, in determining whether the word used by the affiant is the equivalent of the word used in the statute, or whether the word left out of the affidavit is

insignificant, or is impliedly contained in some other word or phrase.

(3) It is due to the purchaser of the land at the sale under the decree that the affidavit should follow the language prescribed by the statute. Then there is no room for courts to differ as to its sufficiency, and insufficiency in such a case may not be mere irregularity, but may make void the proceeding and the title under it.

(4) The remedy, especially the one by domestic attachment, is harsh, sometimes wrongfully causing the financial shipwreck of some honest business man, without the possibility of indemnity by adequate redress. And as the statute gives so harsh a remedy, it is nothing but fair to the debtor that the plaintiff should pursue the remedy as given, on pain of having his attachment quashed.

See the following authorities:   *Crim* v. *Harmon, supra* p. 596 (18 S. E. Rep. 753); *Altmeyer* v. *Caulfield,* 37 W. Va. 847 (17 S. E. Rep. 409); *Cosner's Adm'r* v. *Smith,* 36 W. Va. 788 (15 S. E. Rep. 977); *Ruhl* v. *Rogers,* 29 W. Va. 779 (2 S. E. Rep. 798); *Chapman* v. *Railway Co.,* 26 W. Va. 299, 322; *Hudkins* v. *Haskins,* 22 W. Va. 645; *Delaplane* v. *Armstrong,* 21 W. Va. 211–213; *Capehart* v. *Dowery,* 10 W. Va. 130–135; *Rittenhouse* v. *Harman,* 7 W. Va. 380; *Gutman* v. *Iron Co.,* 5 W. Va. 22; *Baking Co.* v. *Bachman,* 38 W. Va. *supra* p. 84 (18 S. E. Rep. 382); *Mantz* v. *Hendley* (1808) 2 Hen. &. M. 308; *Jones* v. *Anderson,* 7 Leigh, 308–311 (1836).

From these cases we have a right to infer that it had become a matter of common observation that the remedy by attachment was sometimes perverted to gratify the ill will of the party against the debtor, and at other times was a contrivance to circumvent and get ahead of other creditors, or for some other *mala fide* purpose.

This is a domestic attachment sued out on the ground of fraud in contracting the debt, part due and a part not due, and of converting, being about to convert, his property into money, *etc.,* with intent to defraud his creditors, and that he had assigned his property with like intent. There are two affidavits, covering eight printed pages, but it is nowhere stated that affiant believes that the plaintiffs are

justly entitled to recover the sum mentioned, one thousand four hundred and twelve dollars and ninety eight cents. The word "justly" is omitted in both affidavits. But it is contended that the. facts stated in the affidavit of plaintiff show with absolute certainty that the plaintiffs were justly entitled to recover in. the suit the debt claimed therein.

The affidavit does state the nature of the plaintiff's claim—that is, that it arose out of contract between plaintiff and defendant, whereby, in consideration of certain goods, wares and merchandise sold and delivered by plaintiff to defendant at his special instance and request on the 11th day of August, 1891, plaintiffs were entitled to recover, *etc.* It does state the amount of the claim as being one thousand four hundred and twelve dollars and ninety eight cents at the least. It also shows that, of that sum, six hundred and twelve dollars and eighty seven cents was due at the date of the suit, and the balance, viz. eight hundred dollars and eleven cents, was not then due, but would be due four months after the 11th day of August, 1891, the date of the sale.

It is contended that these facts, thus averred, show with certainty, not simply that affiant believes, but that plaintiff is entitled to recover the same in this suit. Still, all this, no matter what it may show or tend to show,.is required by the statute to be stated, and, in addition thereto the affiant is expressly required to state that he believes plaintiff is justly entitled to recover said sum in the action or suit. If the facts above stated show that plaintiff is justly entitled to recover the sum stated, then, on the theory of appellant's contention, it could all be omitted, and leave the affidavit sufficient, as being a substantial compliance with the requirement of the statute. It can not be said that the particular words of this formula have not passed under the careful scrutiny of the lawmaker; for, as we now have it, it is, as we have seen, the result of many years of legislative consideration, and attention has been repeatedly directed to the terms "just," "justice," "justly," and, instead of being omitted as unmeaning or superfluous, they have been retained or introduced where they were not to be found before. Hence we must attribute to the legislature a deliber-

ate, intelligent purpose to qualify the term "entitled to recover" with the term "justly," and thereby put the affiant under the stress of making a sworn statement that plaintiff is entitled to recover such sum—not only justly entitled to recover it, as against the debtor, but also in regard to other creditors and other persons interested. In other words, that the claim, and the proceeding to recover it, are *bona fide*—not set on foot from any improper motive, or for any unlawful purpose; and it would be contradicted, when it was made to appear, that affiant had sworn recklessly and falsely or against his knowledge of the facts as to the grounds of the attachment; and it is not meant merely as a guaranty that his claim or the plaintiff's claim is a just debt.

If this view be correct, then this affidavit does not in this respect meet the requirements of the statue by any circumlocution or implication. But, grant that this omitted word does not make the phrase as comprehensive as we have supposed, why leave it out? If we turn to the statute, we find it there (Code, c. 106, s. 1); if we turn to the form books, we find it there (Hutch. Treat. § 1142, form 290); and, upon principles of public policy and general convenience, in advancement of the remedy, and in aid of its usefulness, in relief of the courts, I do not think it error to require suitors by attachment to follow in their affidavits the language of the statute on pain of having them quashed, although, if the jurisdiction depended alone on the sufficiency of the affidavit, and the title of the purchaser alone on the question of jurisdiction, the court might by hunting through the whole affidavit and by putting this and that implication together make out enough to supply the deficiency.

At this stage of the case therefore the court had a right to decline to search through the two affidavits to see if it could make out and supply by implication the one short line required by the statute, and put in the front as the stem and support of all the rest of the affidavit and as a guaranty that both the claim and the proceeding are *bona fide*. Judgment affirmed.