# CHARLESTON.

## DEMING NATIONAL BANK v. BAKER.

Submitted February 11, 1919.    Decided February 18, 1919.

1. ATTACHMENT—*Legal Claim—Jurisdiction.*

   When plaintiff's claim is purely legal and jurisdiction in equity depends solely on the validity of the attachment, if that is not good, the jurisdiction fails, and the bill should be dismissed. (p. 430).

2. SAME—*Affidavit—Sufficiency.*

   An affidavit for attachment as provided by section 1, ch. 106, Code, is not invalid for omitting to allege that plaintiff believes he is entitled to recover from the *defendant;* it is sufficient to allege in the language of the statute the amount of the claim which he believes he is justly entitled to recover in the action.    (p. 430).

3. SAME—*Nature of Claim—Statement.*

   As construed by our decisions, section 1, ch. 106 of the Code, requires that plaintiff in stating the nature of his claim should state it with as much particularity, though not in detail, as is required in the declaration or bill, so that it may thereby be made to appear that he has a valid cause of action against the defendant.    (p. 430).

4. SAME—*Affidavit—Allegations.*

   And in compliance with the rule just stated when the suit is upon a negotiable note against the endorser thereof, it is necessary for the plaintiff in his affidavit for an attachment in stating the nature of his claim to allege presentation for payment at the time and place appointed and within proper hours, demand of payment, and due notice to endorser, and when payable at a bank, according to the requirements of the Uniform Negotiable Instruments Law, it should allege presentation for payment at the bank where payable during business hours, and before the close of the bank in the event contemplated by the statute.    It is not sufficient to allege that the note was duly protested.    (p. 430).

Appeal from Circuit Court, Preston County.

Suit in equity by the Deming National Bank against Charles E. Baker.    Decree for plaintiff, and defendant appeals.

*Reversed and bill dismissed.*

*Glasscock & Glasscock,* for appellant.
*A. G. Hughes,* for appellee.

MILLER, PRESIDENT:

This is a suit in equity founded upon a foreign attachment, in which the decree below was in favor of plaintiff, for the debt sued on,. aggregating principal and interest at the date of the decree to $2,987.90, and for a sale of the real estate of the defendant attached in the cause, to pay the sum so decreed with interest thereon and the costs of the suit.

The first point of error is that the circuit court should have quashed the affidavit for the attachment upon several grounds, naming them. The proposition advanced by counsel for appellees respecting this point is that affidavits in foreign attachments in equity are not viewed with the same strictness as in actions at law and that the affidavit may be amended or supplemented by the bill. When the plaintiff's claim is purely legal and the jurisdiction in equity depends solely upon the validity of the attachment, if the attachment is not good the jurisdiction fails, and the bill should be dismissed. This has been our construction of the present statute, sec. 1, ch. 106, Code, in cases arising since the amendment of the statute in 1882. *Swarthmore Lumber Co.* v. *Parks,* 72 W. Va. 625, 628-629; *Millar* v. *Whittington,* 77 W. Va. 142; *Frye* v. *Miley,* 54 W. Va. 324; *Miller* v. *Zeigler,* 44 W. Va. 484.

The objections to the affidavit that it was not subscribed by affiant and was bad for want of jurat, were abandoned in argument, and we think they are groundless. We are also of the opinion that the third objection, namely, that it does not allege that plaintiff is entitled to recover *from the defendant* the claim or debt sworn to, is also without substantial merit. Appellant is the only defendant. The affidavit in this respect is substantially in the language of the statute, and the allegation is equivalent to the charge that plaintiff is entitled to recover from the defendant. An affidavit using the language of the statute or its equivalent is all that is required. *Ruhl, Koblegard & Co.* v. *Rogers,* 29 W. Va. 779; *Altmeyer* v. *Caulfield,* 37 W. Va. 847.

Another point is that the affidavit is defective in its statement of the nature of plaintiff's claim in that it fails to allege that the note sued on was presented for payment at the place

where according to its terms it was made payable, and for another reason included in the first, that it fails to allege that defendant had notice of the protest or that notice was waived by him.   The affidavit does allege that the note was duly protested on March 16, 1915, the date of its maturity.   Does this averment satisfy the requirements of our previous holdings on this subject?   The meaning of the term "protest," at least in the popular sense, so the authorities say, is that all steps have been taken to fix the liability of drawer or endorser of which the certificate of the notary is the formal and prima facie evidence.   Daniel and Douglass on Elements of the Law of Negotiable Instruments, §929; 3 Words and Phrases, 2nd series; 1312; 6 Words and Phrases, 5742, and cases cited; Barnes' Code 1916, sec. 118, ch. 98A.   Such being the definition of the term, it might on first impression seem that the allegation that the instrument was duly protested ought to be regarded as covering all the elements, of presentment for payment at the time and place appointed and within the proper hours, demand of payment and due notice to the maker and endorsers   But an attachment proceeding being a harsh remedy, strict construction has always been applied, and our decisions hold that the same strictness required in the declaration or bill should be demanded of the plaintiff in stating the nature of his claim in his affidavit for attachment. *Bank of Huntington* v. *Hysell*, 22 W. Va. 142, among the first of our cases, holds that in an action on a negotiable note against an endorser the declaration must allege that the note was duly presented at the place where it was payable, and that it was not paid, and that thereupon the said note was duly protested for non-payment, of all of which the endorser had prompt notice.   Approved forms of pleading require this strictness.   Hogg's Pleading and Forms, No. 45.   In *Sommers* v. *Allen*, 44 W. Va. 120, a suit in equity with attachment, Judge BRANNON, at page 123, strongly implies that the affidavit ought to allege all the material issuable facts necessary to entitle plaintiff to recover.   In *Home Distilling Company* v. *Himmel*, 74 W. Va. 756, we said that it is essential that the nature of plaintiff's claim be so discribed in the attachment that the court can see therefrom that plaintiff

has a valid cause of action against the defendant. See also, *Cosher's Admr.* v. *Smith*, 36 W. Va. 788; *Reed* v. *McCloud*, 38 W. Va. 701; *Crim* v. *Harmon, Id.* 596; *Thompson* v. *Curry et al.*, 79 W. Va. 771; *Peabody Ins. Co.* v. *Watson*, 29 W. Va. 528; *Delaplain* v. *Armstrong*, 21 W. Va. 211. If we adhere to these rules and principles of strict construction, which are not out of harmony with the decisions of other states, we think we are obliged to hold the affidavit in the case at bar fatally defective.

But it is said by counsel for plaintiff that we may look to the bill to supply the deficiency. If this were so, and we do not think it is, certainly not in a case where jurisdiction in equity depends solely on a valid attachment, the bill in this case is not sworn to and could not take the place of the affidavit, for that ground.

The affidavit being fatally defective for the reasons given, and also for the further reason that it is not alleged in affidavit or bill, in accordance with the laws of Pennsylvania, same as sec. 75, ch. 98A, Barnes' Code 1918, our Uniform Negotiable Instruments Law, that the note was presented for payment at the bank where it was made payable, during business hours or before the close of the bank, in the event contemplated by the statute, we should not go into the merits of the case, and our conclusion is to reverse the decree, sustain defendant's motion to quash the affidavit, and jurisdiction depending thereon, to dismiss the bill, and our decree will be as indicated.

*Reversed, and bill dismissed.*