# CHARLESTON.

### B. T. HALE et als. v. O. E. GROW et als.

#### Submitted March 1, 1921.   Decided March 8, 1921.

1. ATTACHMENT—*Affidavit Disclosing Element of Claim Which Would Suffice in Declaration or Bill Held Sufficient.*

   A statement of the nature of the plaintiff's claim in an affidavit filed for an attachment, which makes such a disclosure of its elements as would suffice in a declaration or bill setting it up, is sufficient. (p. 176).

2. SAME—*Defendants Title Need Not Be Stated in Affidavit As Fully as is Necessary in a Pleading.*

   The defendant's title to property need not be stated as fully nor with the same degree of accuracy, in such a statement or a pleading filed by the plaintiff, as would be required in setting it up, if it were the title of the plaintiff, because the character of the title of the defendant lies peculiarly within his own knowledge. (p. 176).

3. SAME—*Affidavit Held Sufficient as Against Assignee of Lease in Attachment for Rentals.*

   In an affidavit for an attachment against an assignee of a lease, for rentals accrued under the terms thereof, and in a bill in equity filed in the suit in which the affidavit was filed, it suffices, as to the assignment required by law to be effected by deed, to state and allege that the lease had been assigned and conveyed to the defendant. (p. 176).

4. SAME—*Affidavit for Attachment in Equity Held Not Vitiated on Ground of Departure from Statute.*

   An affidavit for an attachment filed in a suit in equity against a real debtor and others who are merely formal defendants, is not vitiated, on the ground of departure from statutory terms, or omission thereof, by the use of the words, "that in said suit the plaintiffs, as affiant verily believes, are justly entitled to recover, at the least, against the defendant, (naming the debtor), the said sum" demanded, specifying the amount thereof. (p. 177).

5. LANDLORD AND TENANT—*Assignee Liable for Rent, Though Not in Possession.*

   An assignee of a lease in which there is a covenant to pay

the lessor rent, in specified amounts, at stated periods, assumes the obligations imposed by such covenant and is liable for the rent, even though he has not entered into possession of the leased premises, unless he was prevented from so doing by the lessor.  (p. 178).

6.   MINES AND MINERALS—*Clause in Deed Held Exception of Title to Minerals in Place.*

A clause in a deed conveying a tract of land, which, in terms, reserves the right to all oil, coal and other minerals taken from the land, with the privilege of entering thereon and obtaining the same and binds the grantor to pay to the grantee, as rental, one-tenth of such minerals, if any should be obtained, constitutes an exception and retention of the title to minerals in place.  (p. 178).

7.   LANDLORD AND TENANT—*Proof of Assignment in Writing Under Seal Makes a Prima Facie Case of Assignment by Deed.*

Proof that an assignment of a lease was effected by the execution of an instrument of writing under seal makes out a *prima facie* case of assignment thereof by deed.  (p. 179).

8.   EVIDENCE—*Failure to Produce Instrument Held to Raise Presumption that Paper Exists.*

If the party against whom such case is so made out in litigation presumptively has such instrument in his possession and does not deny possession thereof nor produce it, upon demand therefor, these circumstances raise a presumption that it is such a paper as is described in the evidence.  (p. 179).

9.   LANDLORD AND TENANT—*That Remote Assignment May Be Defective Held Not to Authorize Denial of Relief for Failure of Consideration.*

If, in an action or suit against an assignee of a lease, to recover rent accrued to the lessor on a covenant therein, it appears that a remote assignment thereof may be defective and insufficient as to an undivided half thereof, recovery cannot be denied on the ground of total failure of consideration, and, if partial failure of consideration has not been set up and relied upon in the defensive pleadings, as a ground of defense, the judgment or decree should be for the entire amount of the rent accrued.

10.   LIMITATION OF ACTIONS—*Five-year Statute Inapplicable to Demand for Rents Against Assignee of Written Lease.*

To a demand against an assignee of a written lease, for rent accrued thereon, the five-year statute of limitations is inapplicable.  (p. 181).

Appeal from Circuit Court, Wirt County.

Suit by B. T. Hale and others against O. E. Grow and others. Decree for plaintiffs, and defendants appeal.

*Affirmed.*

*William Beard,* for appellants.

*L. N. Tavenner,* for appellees.

POFFENBARGER, JUDGE:

On the ground of non-residence of the principal defendant, this suit in equity with an attachment was instituted and prosecuted to a final decree for the sum of $1,168.80, which is a lien upon the leasehold interests in five several tracts of land, and certain personal property located thereon, by virtue of the levy of the attachment issued in this cause, on that property. Said leaseholds are oil and gas properties and the personal property involved consists of machinery and materials used in oil and gas operations. The money demand sued for consists of rentals alleged to have accrued on one of the leases, at the rate of $120.00 per year, payable quarterly, in a period of more than six years. The five leases levied on include the one under which the rentals sued for are alleged to have accrued. The two general assignments of error found in the petition, are based upon the overruling of a motion to quash the attachment and the final decree. Lack of a sufficient statement of the cause of action and departure from statutory requirements are asserted in the attack upon the sufficiency of the affidavit. Under the other assignment, it is urged that the demurrer to the bill should have been sustained and also that the evidence adduced does not prove any cause of action.

A motion to quash the attachment on the ground of insufficiency of the affidavit, made by G. N. Grow, principal defendant, on a special appearance, was overruled. A year or two later, he died, and the cause was revived against Geo. C. Grow and Otis E. Grow, executors of his will. They interposed a demurrer to the bill, which was overruled, and filed an answer.

The affidavit for the attachment states, in substance, that

the claim of the plaintiffs is for recovery of rentals for oil rights and rights to operate for oil on a tract of 46½ acres of land, which is sufficiently described; that it is based upon a lease executed January 7, 1902, executed by B. T. Hale and wife, Emily Keys and husband, Anna C. Miller and husband and J. C. Hale and wife, by which the tract of land was demised and let to Stuart and Young, in consideration of the payment of certain moneys and their agreements to be kept and performed, one of which was that they would pay to the lessors, quarterly in advance, the sum of $30.00, beginning with the 1st day of January, 1902; that, by virtue of the last will and testament of J. C. Hale, Mamie S. Hale had succeeded to all of his rights; that Stuart and Young, by a certain deed, had assigned and conveyed all of their rights, titles and interests in the agreement and the land, to Henry W. Brown; that Brown had conveyed away certain interests to William C. Edwards, H. H. Burns and H. J. Parker; and that afterwards, Brown, Parker, Edwards and Burns had ''assigned and conveyed'' all of their rights and interests in the agreement, to the defendant, G. N. Grow; that Grow had agreed for the use and benefit of the plaintiffs and thereby became, had been, and was, liable to pay to the plaintiffs said sum of $30.00 quarterly in advance; that the claim sued for was for quarterly payments for the years 1910, 1911, 1912, 1913, 1914, 1915 and three quarters of 1916, with interest on all of such payments, as they became due under the terms of the lease; and that the plaintiffs were ''justly entitled to recover, at the least, against the defendant, G. N. Grow,'' the sum of $972.00, with interest thereon from the 1st day of August, 1916.    Other persons against whom no demand is set up were made codefendants with Grow, on account of their relation to the lease and the rentals sued for.

Failure of the affidavit to state that the lease was assigned by a deed, relied upon as the principal ground of criticism and objection, does not vitiate it.    The nature of the cause of action need not be set forth in an affidavit for an attachment with a greater degree of strictness or certainty than is required in a pleading, nor with the extremely high degree of certainty required in the statement of the grounds of at-

tachment. The statute requires mere disclosure of the "nature" of the claim. Some of our decisions require such a statement as discloses a cause of action. *Sommers* v. *Allen,* 44 W. Va. 120; *Home Distilling Co.* v. *Himmel,* 74 W. Va. 756; *Eplin* v. *Blessing,* 73 W. Va. 283. Others do not go even that far. *Hudkins* v. *Haskins,* 22 W. Va. 645; *McClung* v. *Jackson,* 6 Gratt. 96. In its requirements as to the statement of facts in support of the ground of attachment, however, the statute is much more rigid and exacting. The facts stated must conclusively show existence of the ground set up. The statement must be certain to a certain intent in particular and exclude every hypothesis inconsistent with such ground. *Teter* v. *George,* 86 W. Va. 454, 103 S. E. 275. Though some of the decisions above referred to require disclosure of a cause of action, they do not require such disclosure in any particular or formal manner nor with the detail of particulars characteristic of a pleading. In *Sommers* v. *Allen,* cited, the first case in which anything more than a general and indefinite statement was required, Judge Brannon impliedly said "mere details" need not be stated. Here there is no omission of the necessary element of assignment. It is positively stated and the manner of it is indicated by the word "conveyed" which is equivalent in law to the word "granted." *Uhl* v. *Ohio River R. Co.,* 51 W. Va. 106, 114. If this were an allegation of the plaintiff's title in a pleading, it might not suffice, but, if it were an allegation of the defendant's, it would. The omission of the manner of the assignment is justified by the fact that the character of the assignment lies peculiarly within the knowledge of the defendant. Andrews, Stephens Pl., p. 353, citing numerous authorities. As the statement of the assignment in the affidavit would suffice in a pleading in a court of law, it suffices in the affidavit.

There is no actual nor logical departure from the language of the statute, in the part of the affidavit that relates to the amount of the claim. It uses the statutory terms, "justly entitled" and "at the least," in the assertion of right to recover, and in description of the amount of the claim. Though it omits the word, "amount," it is necessarily

implied in the statement of the amount. In its limitation of liability to G. N. Grow, one of the several defendants, there is no departure from the statute, and the limitation conforms to the cause of action described in the affidavit, which states no ground of liability against any of the other defendants who were made formal parties, on account of their connection with the. lease and the assignment thereof.

Lack of an allegation that the assignment of the lease was by deed, is one of the grounds of demurrer to the bill which charges that it was "assigned, granted, transferred and conveyed" to Grow, after having alleged that the records of the county in which the lands are do not show any conveyance to him from his alleged assignors. A conclusion already stated, respecting the affidavit, makes this ground untenable.

If there was such a lease and such an assignment as the bill sets up, omission of an allegation of possession of the premises by the assignee is immaterial. Nor does it matter whether the promise alleged was made for the sole benefit of the plaintiffs. A single legal proposition obliterates the contentions in argument based upon the omission and the supposed lack of soleness of benefit. "A person who accepts an oil or gas lease with a stipulation therein contained to pay a monthly rental until a well is completed or until the expiration of a certain fixed term is bound to pay such rental, although he does not within such term enter upon the land and complete·such well, unless he was prevented from doing so by the plaintiffs and not by mere personal default." *Lawson* v. *Kirchner,* 50 W. Va. 344, pt. 3 syl. See also the numerous cases cited in Archer, Oil and Gas, p. 364, applying the principle to assignees of oil and gas leases. As there is no proof of possession of the land embraced by the lease in question, on the part·of the assignee, these contentions are renewed and repeated in the assault upon the decree, and, in that connection, they are equally unavailing. These authorities impose liability on the ground of acceptance of an assignment of the lease, by the assignee, not on his express agreement to pay rent, wherefore it is not necessary to say whether the promise to pay was made for the sole benefit of the plaintiffs.

Correctness of the decision of the issue raised by the pleadings, as settled by the court below, is challenged on several grounds, the principal of which are; that the plaintiffs had no title to the subject matter of the lease; that the lease was not assigned to Grow by deed; that it had not been validly assigned by Stuart and Young to Brown, because Young alone, one member of the firm, had executed the deed of assignment, professing to act under a power of attorney from Stuart; and that part of the claim was barred by the statute of limitations.

The plaintiffs claim the title to the minerals in the land, under an exception or reservation in a deed from their ancestors, Joseph W. Hale and his wife, to Jas. V. Nutter, conveying the land, subject to the reserved or excepted mineral right.    The clause under which title is so claimed reads: ''The said parties of the first part expressly reserves, however, the right to all Oil, Coal or other minerals pumped or excavated from the land herein conveyed, with the privilege of working upon said land for the purpose of obtaining such oil or minerals, the right of ingress and egress to and from the portion of said land necessarily occupied by such mining or pumping, paying therefor as rental to the second party the one tenth part of all such oil, coal or other minerals, if any should be obtained.''

Notwithstanding inconsistent expressions, importing intent only to reserve minerals after severance thereof and to pay a royalty to the grantee in the deed, as in the case of landlord and tenant, the intention of the parties to except the minerals is reasonably clear.    The right to all oil, coal and other minerals is expressly reserved.    Obviously, ''right'' may mean title.    With this right, the privilege of taking out the minerals was retained.    Reservation of right to take out all of the minerals negatives intent to retain a mere mining privilege to be enjoyed with the  grantee also mining as owner.    If it were a lease, it would be assignable, and a lease of the minerals by the lessee to a third party would confer a right and constitute consideration for an obligation to pay rent.    But it does not purport to be a reservation of a term in the land or minerals.    There is no time limit in it.    The

provision conferring right to one-tenth of the minerals, upon the grantee, may be a grant thereof or a stipulation for compensation.    It does not necessarily import intention to make the parties landlord and tenant. Conferring unlimited right to take out all of the minerals and absolute title to at least nine-tenths of them, the clause falls within the principle enunciated in *Higgins* v. *Round Botton Coal Co.*, 63 W. Va. 218 and *List* v. *Cotts*, 4 W. Va. 543, and retains title to minerals in place.

There is oral evidence tending to prove that the assignment to Grow was made by an instrument under seal.    Ordinarily, such an instrument purporting to pass title to a term for years in land, is a deed, wherefore this evidence makes out a *prima facie* case of assignment by deed, which the defendants have not rebutted by production of the instrument. There is no denial in evidence that  they have it, nor any specific denial of its existence in the answer.    Their failure to produce it raises a presumption that, if produced, it would be an instrument under seal.    *Stout* v. *Sands*, 56 W. Va. 663.

The assignment from Stuart and Young to Brown bears date, December 4, 1902.    It carried other leases of adjoining land, as did the assignment to Grow.    Mining operations seem to have been conducted on two of the leases, when Grow got them in 1909, since which date they have continued. At no time from 1902 until now, has Stuart ever raised any question about the disposition of his interest in these properties.    For a period of about fourteen years, he had acquiesced in it, before the institution of this suit, and continues to do so.    During about five years of that period, mining operations were conducted on some of the leases, under the assignment.    The power of attorney under which Young executed the assignment has not been produced  for some reason.    It is unnecessary to inquire whether failure to produce it would limit the relief sought by the plaintiffs, if its absence had been relied upon in the answer.    The deed executed by Young passed his interest in the leases, wherefore there could not have been a total failure of consideration.    *Gaffney* v. *Stowers*, 73 W. Va., 420.    The defect, if

any, would have afforded ground only for abatement or reduction of the rentals, for which no basis was laid in the answer.    In it, there is not even a specific denial of authority in Young to execute the deed on behalf of Stuart.    To make the defect in title available as partial failure of consideration, it was necessary to plead it and rely upon it by way of defense.    *Gaffney* v. *Stowers,* cited.    Moreover, if such defense had been made, the power of attorney might have been found and put into the record.

As the demand asserted by the plaintiffs accrued under the stipulations of the lease, a written instrument, the five year statute of limitations does not apply, and the plaintiffs were entitled to a decree for the entire amount claimed, right of action for all of which had accrued within ten years before this suit was instituted.

Seeing no error in the decree, we will affirm it.

*Affirmed.*