# CHARLESTON.

### PRESTON COUNTY POWER COMPANY v. FRANKLIN COAL & COKE COMPANY.

Submitted October 21, 1922. Decided November 14, 1922.

1. ATTACHMENT—*Affidavit Held Sufficient to State Nature of Plaintiff's Claim.*

    An affidavit for an attachment sued out pursuant to section 1 of chapter 106 of the Code, which alleges that the claim for which the suit is, or is about to be instituted, is "for the recovery of a claim or debt arising out of contract between the plaintiff (Preston County Power Company) and Franklin Coal & Coke Company under which the former sold and delivered to the latter certain shipments of coal and by which there is now due and payable from Franklin Coal & Coke Company to the Preston County Power Company the sum of $3,231.85," satisfies said statute, requiring that in such an affidavit the plaintiff shall state the nature of his claim. (p. 311).

2. SAME—*Judgment Quashing Affidavit and Attachment Based Thereon Reversed.*

    A judgment of the circuit court quashing such an affidavit and the attachment based thereon, for want of sufficient description of plaintiff's claim, will be reversed here upon appeal or writ of error, as the case may be. (p. 311).

Appeal from Circuit Court, Preston County.

Suit by the Preston County Power Company against the Franklin Coal & Coke Company. From a decree quashing the affidavit for attachment and the attachment, plaintiff appeals.

*Reversed.*

*P. J. Crogan,* for appellant.

*F. E. Parrack,* for appellee.

MILLER, JUDGE:

In a suit in equity and upon a foreign attachment, the court below by the decree now complained of, quashed the affidavit for attachment, and also the attachment, upon the

ground that the affidavit was not sufficient to support the same.

The only ground relied on to justify the decree is that the affidavit did not sufficiently describe the nature of plaintiff's claim and did not show that the plaintiff really had a claim or debt against the defendant company.

The affidavit of W. A. Schaeffer, treasurer of the plaintiff company, was "that the claim for which the said suit is about to be instituted is for the recovery of a claim or debt arising out of contract between the plaintiff and Franklin Coal & Coke Company under which the former sold and delivered to the latter certain shipments of coal and by which there is now due and payable from Franklin Coal & Coke Company to the Preston County Power Company the sum of $3,231.85, and that affiant believes the said plaintiff is justly entitled to recover in the said suit at least the amount of $3,231.85 and, also, that the affiant believes that the following grounds exist for such attachment: First, that the defendants are non-residents of West Virginia."

A number of prior decisions rendered here are cited and relied on to sustain the decree below, but when properly considered with reference to the facts, we do not think that any of them do so. In *Cosner* v. *Smith,* 36 W. Va. 788, the action was covenant. The affidavit was held insufficient for omitting to show the amount which affiant verily believed plaintiff was justly entitled to recover. In *Summers* v. *Allen,* 44 W. Va. 120, there were two affidavits. The first was held bad because it affirmed that affiant believed plaintiffs were entitled to recover, instead of *justly* entitled to recover, the word "justly" being contained in the statute and intended to perform a material office in an affidavit. The affidavit was held bad also because it omitted to state any facts upon which it justified the charge that defendants were about to leave the state with intent to defraud their creditors. The plaintiff's claim as alleged was that the suit was brought to recover three hundred and ninety-six dollars, which sum would be due and payable on February 1, 1896, on a negotiable note signed by J. H. Allen and Kate M. Allen, and that

affiiant believed plaintiff should recover that sum. This was regarded defective and insufficient because it showed no title to plaintiff in the note; it did not show, as it should have done, how plaintiff became entitled to the note, either as payee or as endorsee. In *Kesler* v. *Lapham,* 46 W. Va. 294, the affidavit alleged that: "The claim of said plaintiff against the defendants is for professional services rendered by plaintiff." There being two defendants, and the one indebted not being specified, the affidavit was held bad, for this and other reasons. In *Bank of Union* v. *Loeb,* 71 W. Va. 494, the affidavit said, "that the claim of said plaintiff against the defendant is for check not paid, protest fees and to mdse., that said claim is just, and this affiant believes that plaintiff ought to recover thereon sixty 20-100 dollars, with interest on the same from the .. day of ...., 189..." It was held void for indefiniteness in the description of plaintiff's claim, and was quashed. It did not show that plaintiff actually had a legal or equitable demand against the defendant. In *Eplin* v. *Blessing,* 73 W. Va. 283, the affiant stated the nature of the plaintiff's claim as follows: "For day labor at Round Bottom Job in said county and state, $54.07, and for cutting timber by thousand at Round Bottom Job in said county and state, $88.92, that said claim is just, and affiant believes that plaintiff ought to recover thereon" the aggregate of the two items "with interest on the same from the 5th day of September, 1910." It was held bad for the defective statement of plaintiff's claim. The affidavit held bad in *Home Distilling Co.* v. *Himmel,* 74 W. Va. 756, described plaintiff's claim as follows: "That heretofore, to-wit, on or about the 15th day of November, 1911, the said Moses L. Himmel and S. Himmel, as M. L. Himmel & Son, entered into a certain contract with the said corporation (the plaintiff) whereby the said Moses L. Himmel and S. Himmel, under the firm name of M. L. Himmel & Son, contracted to sell and deliver to the said corporation certain goods, wares and merchandise; that the time for the performance of the obligations to be performed under the said contract by the said Moses L. Himmel and S. Himmel has passed, and that the said Moses L. Him-

mel and S. Himmel have committed a breach of the said con-
tract.'' It is said in criticism of this statement, that it is es-
sential that the nature of plaintiff's claim be so described in
the attachment affidavit that the court can see therefrom
that plaintiff has a valid cause of action against the defend-
ant. The statement of plaintiff's claim in the affidavit in
*Millar* v. *Whittington,* 77 W. Va. 142, held bad, was ''for
the recovery of a claim and debt arising out of contract,
upon and by the terms of which there is justly due the plain-
tiff from the defendants, as affiant verily believes, the sum of
eight hundred and ninety dollars.'' In the case of *Deming
National Bank* v. *Baker,* 83 W. Va. 429, we held that in stat-
ing the nature of plaintiff's claim in an affidavit for an at-
tachment under section 1 of chapter 106 of the Code, it
should be stated with as much particularity, though not in
detail, as is required in a declaration or bill, so that it might
thereby be made to appear that plaintiff had a valid cause of
action against the defendant. In that case it was said that
when the suit is upon a negotiable note against an endorser
thereof, it is necessary that the plaintiff in an affidavit for
an attachment should allege presentment for payment at the
time and place appointed, and within proper hours, demand
of payment and notice to the endorser, and that it was not
sufficient to allege that the note was duly protested.

In the case we have here, we perceive no such fatal de-
fects in the affidavit for the attachment. It in plain terms
says that under a contract between them the plaintiff sold
and delivered to defendant certain shipments of coal, for
which the defendant is indebted to the plaintiff in the sum
of $3,231.85. It seems to us that this states a good cause of
action. If the fact is as alleged the defendant is clearly in-
debted to the plaintiff for the coal. True, the affidavit does
not give the date of the contract, nor the time or place of
delivery, nor the quantity of coal shipped and delivered, nor
any of the details, but as we said in *Deming National Bank*
v. *Baker, supra,* the affidavit need not descend to details. All
that is required is that enough be stated, which if true, would

'show a valid cause of action and the liability of the defend-ant thereon.

In *Ruhl, Koblegard & Co.* v. *Rogers,* 29 W. Va. 779, the affidavit said, "a claim arising out of contract, to-wit, an account for wares and merchandise sold and delivered by Ruhl, Koblebard & Company to Clarkson Rogers; that affiant believes that the said Ruhl, Koblegard & Company are justly entitled to recover in said action at least the sum of $229.20." In *Lively, Assignee of J. Speed Thompson* v. *Southern B. & L. Association of Knoxville et al.,* 46 W. Va. 180, the nature of plaintiff's claim in substance was stated to be for amount due and payable on stock in the association in the name of J. Speed Thompson, which was subject to withdrawal and payment under the rules and by-laws of said defendant association. There it was apparent that plaintiff's claim was for money due him as assignee of Thompson on stock, which under the rules and by-laws of the association was subject to be withdrawn from the building association. In the recent case of *Norman* v. *Willis,* 88 W. Va. 76, the affidavit for the attachment, held to be good, stated in substance that plaintiff's claim against defendant was for an amount due him for money paid out for defendant on an unsuccessful partnership venture with others, under a contract for drilling oil wells and gas leases in Pleasants County, by which the parties were to share profits and losses, and which sum of $338.60 plaintiff had paid for defendant at his request as his share of the losses sustained. The details were not gone into. The affidavit sufficiently complied with the requirements of the statute. As counsel suggests, the affidavit in the case at bar is as definite as the one in the Norman-Willis case. In the still more recent case of *Hall* v. *Grow,* 88 W. Va. 173, the nature of plaintiff's claim as stated in the affidavit for attachment in substance was for the recovery of rentals for oil rights and royalties to operate for oil a tract of 46½ acres of land, and which referred to the particular oil and gas lease and the subsequent assignments thereof, the last one to the defendant Grow, who by the terms

thereof became indebted to plaintiff for the quarterly rentals payable in advance.

We need not travel outside of our own decisions to support the affidavit in this case, but we find the case of *Theirman* v. *Vahle*, 32 Ind. 400, where the statute required plaintiff to state the nature of his claim, holding good an affidavit which described the claim as "for a balance on account for goods sold and delivered," of course by plaintiff to defendant, amounting to the sum sued for. And in 1 Shinn on Attachment, § 140 (h), p. 224, it is said of affidavits for attachment, in those states like ours which require the plaintiff to state the nature of his claim, that they "need not set forth every item of the account. It is sufficient, in alleging the contract, to give its legal substance an effect, and if it be in writing it is not necessary to produce the original or a copy."

Our conclusion is that the affidavit in this case is sufficient, and that the decree must be reversed, and we will so order.

*Reversed.*