# CHARLESTON.

E. A. HOVATTER v. ROWLESBURG LUMBER COMPANY

(No. 5387)

Submitted November 10, 1925. Decided November 17, 1925.

ATTACHMENT—*Attachment Affidavit Held Insufficient.*

> An attachment affidavit which says, "the claims for which the action or suit is instituted consists of money due plaintiff from defendants for cutting, skidding and trucking lumber, under contract", and that the affiant believes plaintiff justly entitled to recover in said action a sum stated, "at the least", does not sufficiently state the nature of the plaintiff's claim as required by Section 1, Chapter 106, Code.
>
> (Attachment, 6 C. J. § 188.)
>
> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Tucker County.

Attachment by E. A. Hovatter against the Rowlesburg Lumber Company, composed of W. B. Bowman and another, partners. Judgment quashing plaintiff's amended and supplemental affidavit, and plaintiff brings error.

*Affirmed.*

*W. B. Pritt,* and *C. O. Strieby,* for plaintiff in error.

*Gibson & Mattingly, F. E. Parrack,* and *P. J. Crogan,* for defendant in error.

LIVELY, PRESIDENT:

E. A. Hovatter sued W. B. Bowman and D. A. Jackson, partners composing the Rowlesburg Lumber Company, and caused two attachments to be issued and levied upon property of defendants, one attachment on property in Tucker county and the other upon property in Preston county. Motion to quash the affidavit and attachment was sustained, with leave to amend the affidavit. Amended and supplemental affidavit was filed, and, on motion, quashed by order of January 29, 1925. On this writ of error plaintiff insists that it was error to quash either of the affidavits or attachments.

Defendants insist that the judgment is good, because: (1) neither the original nor amended affidavit states the nature of plaintiff's claim; (2) because the grounds for the attachment are stated disjunctively instead of conjunctively; (3) because the material facts stated are insufficient to authorize the attachments; and (4) because the supplemental affidavit does not show that the facts therein stated were not known by plaintiff at the time of his original affidavit.

Does the affidavit sufficiently state the nature of plaintiff's claim? The affidavit made before the circuit court clerk says: " . . . . personally appeared E. A. Hovatter and made oath that the claims for which the said action or suit is instituted consists of money due plaintiff from defendants for cutting, skidding and trucking lumber, under contract". The amount, at the least, which affiant believes plaintiff is justly entitled to recover is $3,790.77. Many of our decisions say that conclusions founded upon facts not stated in the affidavit are insufficient on which to base an attachment. All that is disclosed by the affidavit is that a certain sum of money is recoverable from defendants by plaintiff by virtue of a contract for cutting, skidding and trucking lumber. Between whom was the contract made? We might infer that it was made directly between plaintiff and defendants, but inferences will not do. The contract may have been made with some other contractor and assigned to plaintiff with defendants' consent and approval. When was the contract made? What were its terms? How was it breached? Was

the contract performed by plaintiff and payment refused, or was there a breach by which plaintiff was prevented from cutting, skidding and trucking lumber? "Enough facts must be stated, to show a duty from the defendant to the plaintiff and a breach thereof, as in the case of a declaration or bill." *Miller* v. *Whittington,* 77 W. Va. 142. In the case just cited, the affidavit described the nature of plaintiff's claim as: "A claim and debt arising out of contract, upon and by the terms of which said contract there is justly due the plaintiff (naming him) from the defendants (naming them), as affiant verily believes, at least the sum of Eight Hundred and Nine Dollars". Similar cases holding that the nature of plaintiff's claim was not sufficiently stated are *Sommers* v. *Allen,* 44 W. Va. 120; *Bank* v. *Loeb,* 71 W. Va. 494; *Eplin* v. *Blessing,* 73 W. Va. 283; *Distilling Co.* v. *Himmel,* 74 W. Va. 756; and *Deming Nat. Bank* v. *Baker,* 83 W. Va. 429.

To sustain the affidavit in respect to the nature of plaintiff's claim, counsel for plaintiff rely upon *Hale* v. *Grow,* 88 W. Va. 173 and *Preston County Power Co.* v. *Franklin Coal Co.,* 92 W. Va. 308. In the *Hale* case the affidavit described plaintiff's claim as rentals for oil rights to operate on a tract of land, described, by virtue of a lease of a certain date between certain parties (plaintiff being one), stating the requirements of the lease, which lease was afterwards transferred and assigned to defendant Grow, and by which he became liable to plaintiff for quarterly payments, naming them, with interest, amounting to a certain sum at the least. There was a rather full statement of plaintiff's claim, its nature, how it arose, and when due. In the *Preston County Power Co.* case the affidavit stated the nature of the claim as "a claim or debt arising out of contract between the plaintiff and Franklin Coal & Coke Company under which the former sold and delivered to the latter certain shipments of coal and by which there is now due and payable from Franklin Coal & Coke Company to the Preston County Power Company the sum of $3,231.85", which sum the latter was justly entitled to recover from the former, at the least.

The affidavit now under consideration does not state, except by inference, the parties between whom the lumber con-

tract was made, nor does it show how plaintiff's claim originated therefrom. From the affidavit it cannot be determined in what way the money claim arises, as before indicated. We are left to conjecture as to the exact nature of the claim sued on, and we cannot look to the declaration or bill to make certain the conjecture. Attachment is a harsh statutory remedy and is strictly construed. We are of opinion that on this point alone the affidavit was bad, and the trial court committed no error in quashing the attachment. It would serve no useful purpose to discuss and pass upon the other alleged defects, for the attachment must fall whatever conclusion is reached on the other points. The judgment of the circuit court will be affirmed.

*Affirmed.*