THE W. T. RAWLEIGH COMPANY *v.* J. S. McMILLAN *et al.*

(No. 6808)

Submitted February 10, 1931. Decided February 17, 1931.

*Grover F. Hedges,* for appellant.
*Harper & Baker,* for appellees.

LITZ, PRESIDENT:

This is an appeal from an order, quashing an attachment in equity because of alleged defective affidavit, and dismissing the suit for want of jurisdiction.

The bill shows that the plaintiff, The W. T. Rawleigh Company, a corporation, and defendant, J. S. McMillan, entered

into a written contract January 6, 1925, (to continue during the remainder of that year subject to termination at any time by written notice of either party to the other), whereby it agreed to sell him at wholesale "its manufactured products" for cash or "upon installment payments satisfactory to the seller;" the seller agreeing to re-purchase from the buyer at current wholesale prices "any merchantable products" returned during the life of the contract or promptly after its termination; and that contemporaneously with the execution of said contract as a part thereof, the defendant, Clara Thomas and T. W. Dye, executed a written agreement binding themselves absolutely and unconditionally to pay the plaintiff all indebtedness incurred by McMillan under said contract of sale.

The affidavit for attachment, executed by J. R. Jackson as secretary and agent of the plaintiff, states that The W. T. Rawleigh Company, a corporation, is about to institute a suit in equity in the circuit court of Roane County, West Virginia, against J. S. McMillan, Clara Thomas and T. W. Dye for the recovery of a claim and debt arising out of contract; sets forth the two contracts in full; and avers, in substance, that The W. T. Rawleigh Company sold and delivered to J. S. McMillan under the terms of said contract of sale "certain goods, wares, merchandise and products" of the value of $840.54, subject to a credit of $145.30, paid The W. T. Rawleigh Company by McMillan, leaving a balance of $695.24, with interest thereon from August 14, 1925; and that The W. T. Rawleigh Company is justly entitled to recover from J. S. McMillan, Clara Thomas and T. W. Dye, "in the least," the sum of $695.24, with interest thereon from August 14, 1925. The sole ground of attachment is stated as follows: "*Plaintiff* believes that the said J. S. McMillan and Clara Thomas, and each of them, are non-residents of the State of West Virginia, and that the material fact relied upon by the said plaintiff to show the existence of the ground upon which this application for attachment is based is that the defendants, J. S. McMillan and Clara Thomas, are non-residents of this state."

The affidavit is criticised chiefly as not sufficiently describing the nature of plaintiff's claim, and because the ground of attachment is stated upon the belief of *plaintiff* instead of the *affiant,* as required by section 1, chapter 106, Code 1923.

The first point of objection is without merit. In *Preston County Power Co.* v. *Franklin Coal & Coke Co., 92 W. Va.* 308, it was held that an affidavit of attachment stating that the suit is for the recovery of a claim or debt arising out of contract between the plaintiff and defendant "under which the former sold and delivered to the latter certain shipments of coal" from which there is due and payable from the defendant to plaintiff the sum of $3,231.85, sufficiently describes the nature of plaintiff's claim.

It apparently conceded that the part of the affidavit relating to the ground of attachment which states that *"plaintiff* believes that the said J. S. McMillan and Clara Thomas, and each of them, are non-residents of the State of West Virginia," is without legal virtue. But the contention is made that the remaining statement "that the material fact relied upon by said plaintiff to show the existence of the ground upon which this application for attachment is based is that the defendants, J. S. McMillan and Clara Thomas, are non-residents of this state" is in effect an averment by the affiant that the said defendants are non-residents. Such an interpretation, in our opinion, is not warranted from a consideration of the entire language describing the ground of attachment, which means no more than that the *plaintiff* (not affiant) believes the particular defendants are non-residents, and that plaintiff, (not affiant) relies upon non-residence of part of defendants as ground of attachment. "The remedy by attachment being authorized along by statute, and being in derogation of the common law, and being, moreover, summary in its effects and liable to be used oppressively, such statute will be strictly construed. The preliminary affidavit required by statute must contain each element thereby prescribed. *Altmeyer* v. *Caulfield,* 37 W. Va. 847, 17 S. E. 409.

Being of opinion that the affidavit is defective, in merely reciting the belief and reliance of the plaintiff as to the

ground of attachment, we affirm the decree of the circuit court.

*Affirmed.*