SHENANDOAH VALLEY NATIONAL BANK *v.* W. FRED HIETT, *et al.*

(No. 8893)

Submitted September 7, 1939. Decided October 3, 1939.

*S. Woods Byrer* and *Harry H. Byrer,* for appellant.
*Martin, Seibert & Beall,* for appellee.

HATCHER, JUDGE:

Plaintiff, a Virginia corporation, recovered two judgments (upon promissory notes) in a Virginia court of general jurisdiction against defendants, residents of that state. Plaintiff then, upon published notice, brought two attachment suits against them in the circuit court of Berkeley County, West Virginia, to subject lands owned there by defendant, Fred Hiett, to payment of the judgments. The suits were consolidated. A decree entered in May, 1938, ordered the lands to be sold. A certified copy of the decree was served on defendant, Fred Hiett, personally, in Berkeley County, June 16, 1938. The lands

were sold in October, and the sale was confirmed in November of the same year. After this was done, Hiett appeared specially in the sequent December (the session of November still continuing), and moved to quash the attachments and the affidavits therefor. The motion was overruled. Hiett appealed.

Appellant's motion to quash (in writing) mentions that our statute does not provide for an attachment to issue in aid of a foreign judgment, and charges that each of the attachment affidavits herein is fatally defective for not stating the nature and source of plaintiff's claim (i. e., contract or tort), and for omitting the word "justly" in expressing belief of the amount plaintiff was entitled to recover.

Statutory permission is not needed for employing attachment in this state to aid enforcement of a judgment obtained in another state. It is generally recognized that the full faith and credit clause of our Federal Constitution requires the states to afford like means of enforcing foreign and domestic judgments. This recognition appears in our case of *Stewart* v. *Stewart,* 27 W. Va. 167, 174-5, where attachment was employed in West Virginia to aid an Ohio judgment, the Court saying: "It is not an open question, whether we will enforce the judgments and decrees of another state rendered by courts of competent jurisdiction", and if the Ohio court "had jurisdiction to pronounce the decree rendered here, and sought to be enforced here, we must give full faith and credit to it, and enforce it here."

A judgment for money is treated as a debt "arising on contract" within the meaning of the attachment statute. *Marstiller* v. *Ward,* 52 W. Va. 74, 43 S. E. 178; 7 C. J. S., Attachment, section 12. Each affidavit herein avers that the debt sought to be recovered is a judgment and states with precision the court wherein and the day whereon the judgment was obtained, its amount, and for and against whom it was rendered. This description of the debt is sufficient.

We are aware that the opinion in *Sommers* v. *Allen,*

44 W. Va. 120, 121, 28 S. E. 787 characterized the word "justly" as "indispensable" to an attachment affidavit. But we are of opinion that the characterization was severer than the court contemplated because (a) the syllabus of that case (expressing its law) said only that the omission of the word "justly" rendered the affidavit "bad"; (b) the earlier case of *Reed* v. *McCloud,* 38 W. Va. 701, 706, 18 S. E. 924, held that such omission could be supplied by implication; and (c) the opinion in the later case of *Miller* v. *White,* 46 W. Va. 67, 71, 33 S. E. 332, 333, 76 Am. St. Rep. 791, expressly declared: "Attachment proceedings are not void because an affidavit fails to say that the claim is just." Accordingly, we gather from the precedents that if the word "justly" is not used or implied in an attachment affidavit, it is not void but defective.

A defective affidavit confers jurisdiction notwithstanding the defect; and subsequent proceedings are not invalidated by it. *Hall* v. *Hall,* 12 W. Va. 1; *Miller* v. *White, supra.* If the affidavits herein be taken as not implying the omitted word "justly" (a question unnecessary to decide), then they were defective and the attachments were subject to abatement upon timely motion, under Code, 38-7-32, which expressly provides that an attachment may be quashed if the affidavit is insufficient. Further attachment procedure, however, is provided in 38-7-43, as follows: "If a defendant, against whom, on publication * * * a decree has been * * * rendered in * * * suit * * * in which an attachment is sued out * * * shall * * * appear openly in this State, he may, within one year after a copy of such * * * decree has been * * * served upon him * * * petition to have the proceedings reheard. On giving security for the costs * * * such defendant shall be admitted to make defense against such * * * decree. But this section shall not apply to any case in which the petitioner * * * appeared and made defense." The defense, preventing application of the section, is obviously defense made before decretal service upon the absent defendant. The section may be traced without substantial change to an Act of the Virginia Assembly passed in

1744. (5 Henning 224.) So far as we are advised, the decisions in the Virginias have uniformly held that in cases within the section, a defendant must proceed according to the section. "The defenses to proceedings by attachment, as well as the proceedings themselves, are statutory; and consequently the mode of defense, prescribed by the statute must be strictly pursued." *Stevens v. Brown,* 20 W. Va. 450. Accord: *Handy v. Scott,* 26 W. Va. 710, 718.

The two sections, 32 and 43 of 38-7, should of course be read together, and read in connection with the decisions. When this is done, we are of opinion that even if the affidavits herein are defective and the right of appellant under section 32 to have the attachments quashed upon motion continued after the May decree, 1938, (another question unnecessary to decide), nevertheless such right terminated upon service on him of copy of that decree, June 16, 1938; and that after this service he could arraign the attachments, only in manner prescribed by section 43.

The ruling is affirmed.

*Affirmed.*